816 P.2d 977

**ST. ALPHONSUS REGIONAL MEDICAL CENTER, LTD., Dr. John Havlina, Dr. George B. Pfoertner, and Dr. Keith Taylor, Petitioners–Appellants,**

v.

**CANYON COUNTY, Idaho, and its County Board of Commissioners, Respondents.**

No. 19023.

Supreme Court of Idaho, Caldwell, March 1991 Term.

July 9, 1991.

Moffatt, Thomas, Barrett, Rock & Field, Chartered, Boise, for appellants. Glenna Christensen argued.

Richard L. Harris, Canyon County Prosecutor, Charles L. Saari, Deputy Prosecutor (argued), Caldwell, for respondents.

BOYLE, Justice.

In this appeal from a decision by the Canyon County Board of Commissioners, we are called upon to determine whether the Board of Commissioners properly denied St. Alphonsus' application for medical indigency assistance to an indigent patient under the provisions of I.C. § 31–3504.[1] On July 18, 1986, Joseph Schoenfelder was injured in Canyon County and subsequently admitted to St. Alphonsus Regional Medical Center in Boise for emergency care. An

---

1. Idaho Code § 31–3504 provides:

   An application for or on behalf of a medically indigent person receiving emergency medical services may be made any time within forty-five (45) days following the admission of said person to the hospital for furnishing said care. If a person becomes medically indigent subsequent to admission to a hospital or subsequent to receiving treatment by a hospital, an application for the person or on his behalf, shall be made within thirty (30) days of the time the person becomes medically indigent. The chargeable county or counties shall be notified as soon as practicable upon the hospital's obtaining information disclosing that a patient is medically indigent.

application for medical assistance was filed on Schoenfelder's behalf with Canyon County on August 4, 1986 by his mother. Shortly thereafter, a worker's compensation claim was filed with Schoenfelder's employer. On September 16, 1986, the Canyon County Board of Commissioners (hereinafter "Board") denied the application for medical assistance on the basis that the "responsibility lies with Schoenfelder's employer and worker's compensation." The Board's order denying reimbursement stated that a request for a hearing to reconsider could be filed within the ensuing thirty-day period. No reconsideration of that order was requested.

On August 24, 1987, the Industrial Commission denied Schoenfelder's worker's compensation claim on the basis that the accident did not arise out of and in the course of employment. However, it was not until September 28, 1987, thirty-five days later, that St. Alphonsus learned the Industrial Commission had dismissed Schoenfelder's application for worker's compensation benefits. Upon being notified that Schoenfelder was not entitled to worker's compensation benefits, St. Alphonsus immediately submitted a second application to Canyon County for medical assistance on September 28, 1987.

On November 17, 1987, the Canyon County Board of Commissioners denied the September 28, 1987 application for medical assistance on the basis that the statutory requirements as to timeliness, obligation and indigency were not met. A hearing was held to reconsider the matter whereupon the Board affirmed its prior decision. The Board determined that the September 28, 1987, application for medical assistance was untimely under I.C. § 31–3504 because it was not filed within forty-five days of the patient being admitted to the hospital. The Board also determined that the hospital had been aware of Schoenfelder's medical indigency status within a week of his admission to the hospital. The Board determined that St. Alphonsus failed to make a timely application in compliance with the thirty-day rule set forth in I.C. § 31–3504 and denied the claim.

St. Alphonsus appealed the Board's decision to the district court which affirmed. St. Alphonsus appealed the district court's ruling to the Idaho Court of Appeals which reversed. We granted review.

## I.

### Standard of Review

Idaho Code § 31–3505 provides that judicial review of a decision by the Board of County Commissioners shall be in "substantially the manner provided in the Administrative Procedures Act." Under the Act, a person who has exhausted all administrative remedies is entitled to judicial review. I.C. § 67–5215. The standard of review by this Court of an agency decision is set forth in I.C. § 67–5215(g) which provides as follows:

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Judicial review pursuant to I.C. § 67–5215(g) allows a court to reverse or modify an agency decision only under limited circumstances, including a constitutional violation, action in excess of statutory authority, clearly erroneous findings of fact, an arbitrary and capricious decision or one characterized by an abuse of discretion. *State ex rel. Richardson v. Pierandozzi,*

117 Idaho 1, 784 P.2d 331 (1989). Judicial review of an administrative order is confined to the record, I.C. § 67–5215(f), and the reviewing court may not substitute its judgment for that of the administrative hearing officer on questions of fact. *Id.; Tappen v. State Dep't of Health & Welfare*, 98 Idaho 576, 570 P.2d 28 (1977). Judicial review of agency proceedings is limited, however, the reviewing court is obliged to reverse a decision if substantial rights of an individual have been prejudiced because the administrative findings and conclusions are in violation of statutory provisions, *H & V Eng'g, Inc. v. Idaho State Bd. of Professional Engrs. & Land Surveyors*, 113 Idaho 646, 747 P.2d 55 (1987), or are clearly erroneous or arbitrary and capricious, *Allen v. Lewis–Clark State College*, 105 Idaho 447, 670 P.2d 854 (1983). Erroneous conclusions of law may be corrected on appeal. *Love v. Board of County Commrs. of Bingham County*, 105 Idaho 558, 671 P.2d 471 (1983).

It is with the above statutory standards and case law in mind that we review this action.

## II.

### Administrative Proceedings

St. Alphonsus contends on appeal that the Board incorrectly determined that it failed to submit a timely application for medical indigency assistance. The respondent Board asserts several arguments in support of its position that the hospital's application for medical indigency assistance was untimely.

A review of the record before us demonstrates that Schoenfelder entered the hospital on July 18, 1986. Schoenfelder's mother filed an application on his behalf for medical assistance which was filed with Canyon County on August 4, 1986. On September 16, 1986, the Board denied the application on the basis that responsibility for the bills was the employers and should be paid through Schoenfelder's worker's compensation coverage. No appeal from this decision was taken.

Refiling of an application for medical indigency benefits is allowed under I.C. § 31–3504 if a patient subsequently becomes indigent. The Board's initial argument is that St. Alphonsus, in its own capacity, failed to file an application for medical indigency assistance within the forty-five day period provided in I.C. § 31–3504. The Board relies upon *Caldwell Memorial Hospital v. Board of County Commrs.*, 107 Idaho 33, 684 P.2d 1010 (Ct.App.1984), and contends that it properly denied the September 28, 1987 application for medical assistance because compliance with the statutory forty-five day application period is mandatory. In *Caldwell Memorial Hosp.*, the first application for medical indigency assistance was filed by the patient sixty-six days after his admission to Caldwell Memorial and the Court of Appeals held that the application was untimely because it was not filed within the forty-five day period provided by I.C. § 31–3504. In the instant case, the record before us establishes that an application was filed by Schoenfelder's mother within the forty-five day time period set forth in I.C. § 31–3504. The fact that it was Schoenfelder's mother rather than St. Alphonsus which filed the application is of no consequence or significance. I.C. § 31–3504 merely requires that an application "for or on behalf of a medically indigent person" receiving emergency medical services be made within forty-five days following the admission of that person to the hospital. It is not significant who files the application, so long as an application is filed on the patient's behalf by someone within forty-five days after admission to the hospital. The Board's position in this regard is without merit.

The Board also argues that St. Alphonsus knew shortly after Schoenfelder's admission to the hospital that he was medically indigent and asserts that the application filed on September 28, 1987, was untimely because it was filed nearly fourteen months after Schoenfelder's admission to the hospital, rather than thirty days after St. Alphonsus knew of Schoenfelder's medical indigency. We disagree.

At the time that Schoenfelder initially entered the hospital on July 18, 1986, St.

Alphonsus had received information that Schoenfelder had no insurance and that he was not covered by worker's compensation. Consequently, St. Alphonsus advised Schoenfelder's mother to file an application for medical indigency assistance which she did on August 4, 1986. On September 16, 1986, the Board determined that Schoenfelder was not medically indigent and denied the application because of the pending worker's compensation application and stated that "other resources might be available for payment."

Idaho Code § 31–3504 requires that an application for or on behalf of a medically indigent person "shall be made within thirty (30) days of the time the person *becomes* medically indigent." Hence, under the express language of this part of the statute, the timeliness of an application is dependent upon the time at which a patient becomes medically indigent. *University of Utah Hosp. v. Board of County Commrs.*, 116 Idaho 434, 776 P.2d 443 (1989). I.C. § 31–3502(1) defines a medically indigent person as follows:

> "Medically indigent" means any person who is in need of hospitalization, and who, if an adult, together with his or her spouse, ... does not have income or other resources available to him from whatever source which shall be sufficient to enable the person to pay for necessary medical services.

In the instant case, when the Board first denied the application for medical indigency benefits on September 16, 1986, the pending worker's compensation claim suggested that there may be other available resources which would pay the medical expenses. So long as the claim for worker's compensation was pending, those benefits remained a possible resource for payment of Schoenfelder's medical bills. Schoenfelder did not become medically indigent as defined in I.C. § 31–3502(1) until August 24, 1987, when the Industrial Commission denied his claim and it was actually determined that the worker's compensation benefits were not available as a source of payment. *See generally Intermountain Health Care v. Board of County Commrs.*, 107 Idaho 248, 688 P.2d 260 (1984) (the resource upon which the Board denied the application must be available); *Idaho Falls Consolidated Hosp. v. Board of Commrs. of Jefferson County*, 109 Idaho 881, 712 P.2d 582 (1985) (any assets which are exempt from attachment or levy cannot be considered as resources available.) Therefore, the date upon which Schoenfelder legally became medically indigent for purposes of medical indigency purposes was on August 24, 1987, when the Industrial Commission denied his claim for worker's compensation benefits.

■ Idaho Code § 31–3504 requires that an application for medical assistance shall be filed within thirty days of when the patient "becomes medically indigent." Thirty days from August 24, 1987 is September 23, 1987, and St. Alphonsus filed it's application on September 28, 1987, five days past the statutory thirty days and the application is technically untimely. However, the fact that the application was filed five days late does not necessarily defeat a claim for benefits. In *University of Utah Hosp. v. Board of County Commrs.*, 116 Idaho 434, 776 P.2d 443 (1989), we reaffirmed *Carpenter v. Twin Falls County*, 107 Idaho 575, 691 P.2d 1190 (1984), wherein it was held that an untimely application does not necessarily defeat a claim for benefits.[2] In *Carpenter*, we held that untimely notice of indigency was not necessarily a basis for denying benefits where the county was not prejudiced by the lack of notice.

■ The Board contends that it was prejudiced by the untimely filing of the application because the lengthy periods of delay in determining indigency of applicants affects the county's budgetary process. We do not find this argument persuasive. The fact that I.C. § 31–3504 allows for two filing periods indicates to us that the legislature contemplated it will not always be possible to determine within the first forty-

**2.** In *University of Utah Hosp. v. Board of County Commrs.*, 116 Idaho 434, 776 P.2d 443 (1989), this Court held that prior cases which suggested that the time requirements of I.C. § 31–3505 are to be strictly enforced were improperly based on dicta found in *Braun v. Ada County*, 102 Idaho 901, 905, n. 5, 643 P.2d 1071, 1075, n. 5 (1982).

five days following a patient's admission to the hospital whether that person is medically indigent. Because such delays are contemplated within the statutory scheme, the Board cannot now say that such a delay and reapplication process prejudices the county. Although the hospital has a duty to use diligence in investigating the indigency status of its patient, that duty encompasses a standard of reasonableness. *See University of Utah Hosp. v. Board of County Commrs. of Twin Falls County,* 113 Idaho 441, 745 P.2d 1062 (Ct.App.1987).

█ We therefore hold that the hospital's action and reliance on the county's reason for denial of Schoenfelder's 1986 claim was reasonable. The hospital's prompt action immediately upon learning that coverage under the worker's compensation claim had been denied, and filing an application that same day meets and satisfies the required standard of diligence. We reiterate the holding in *University of Utah Hosp. v. Board of County Commrs. (Scarberry),* 116 Idaho 434, 776 P.2d 443 (1989), where it was stated that following the initial filing of an application, a hospital may renew its application every thirty days. Such a procedure guarantees that the hospital's rights would be protected at minimal cost or effort. As stated in *University of Utah v. Board of County Commrs. (Scarberry),* "[t]he principle is one of 'when in doubt, file.'" 116 Idaho at 438, 776 P.2d at 447.

We therefore conclude and hold that the Board was not prejudiced by the untimely filing of the application for medical indigency filed by St. Alphonsus. The decision by the district court is reversed and remanded to the Canyon County Board of Commissioners for processing of the application for medical indigency benefits and for further proceedings consistent with this opinion.

Costs to appellants. No fees awarded.

BAKES, C.J., BISTLINE and JOHNSON, JJ., and ROWETT, D.J. (Pro Tem.) concur.