*Affirmed.* Costs to respondents; no attorney's fees awarded.

732 P.2d 278

**ST. ALPHONSUS REGIONAL MEDICAL CENTER, LTD., Appellant-Respondent on appeal to Supreme Court,**

v.

**TWIN FALLS COUNTY, Idaho, and its Board of County Commissioners, Respondent-Appellant on appeal to Supreme Court.**

No. 16432.

Supreme Court of Idaho.

Jan. 15, 1987.

Lloyd J. Webb of the firm Webb, Burton, Carlson & Pedersen, Twin Falls, for appellant-respondent on appeal to Supreme Court.

Glenna M. Christensen of the firm Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, for respondent-appellant on appeal to Supreme Court.

BISTLINE, Justice.

After an unsuccessful suicide attempt and subsequent hospitalization, Russell Barth applied for medical indigency assistance from the Board of County Commissioners of Twin Falls County. The county commissioners denied the application on the ground that Idaho's medical indigency statutes do not obligate counties for medical care necessitated by self-inflicted wounds. On appeal, the district court reversed the decision of the county commissioners, holding "that there is no express or implied exception to the medical indigency law for self-inflicted injuries." R., p. 24. The county commissioners appeal the decision of the district court. We *affirm*.

The facts of this case are stipulated as follows:

1. On March 12, 1984, Russell Barth was transferred from Magic Valley Memorial Hospital to St. Alphonsus Regional Medical Center where he was a patient through April 4, 1984.

2. The hospitalization and medical care and treatment of Russell Barth was necessitated by a self-inflicted gunshot wound to the head.

3. The above-referenced admission of Russell Barth to St. Alphonsus Regional Medical Center was for *bona fide* emergency purposes in accordance with Idaho Code Title 31, Chapters 34 and 35.

4. An application for medical assistance dated April 2, 1984, was timely filed in accordance with I.C. Sec. 31–3504, and was in appropriate form, consistent with I.C. Sec. 31–3504.

5. The charges for hospital care for Russell Barth were regular, normal, reasonable and necessary.

6. In accordance with I.C. Sec. 31–3502(4), the unadjusted Medicaid rate of reimbursement for medical charges allowed, pursuant to Title XIX of the Social Security Act, is 81 percent for St. Alphonsus Regional Medical Center, and that 81 percent of the outstanding balance of the hospital bill is $12,639.79.

7. The claimant did not, at the time of his admission to St. Alphonsus Regional Medical Center, have, nor does he now have, income or other resources available to him sufficient to enable him to pay for the medical services rendered by St. Alphonsus Regional Medical Center.

8. On May 6, 1985, the Twin Falls County Board of County Commissioners denied the application of Russell Barth for medical assistance on the grounds that the legislature did not intend, by the enactment of Chapters 34 and 35 of Title 31, Idaho Code, to obligate counties for medical care necessitated by a self-inflicted wound. R., pp. 22–24.

The county commissioners raise a single issue on appeal: Do Idaho's medical indigency statutes, I.C. §§ 31–3401—3516, require county medical assistance to indigent persons hospitalized because of self-inflicted wounds? We hold that they do.

I.C. § 31–3502(1) (Supp.1986) defines medically indigent persons as follows:

"Medically indigent" means *any person who is in need of hospitalization and who*, if an adult, together with his or her spouse, or whose parents or guardian if a minor, *does not have income and other resources available to him* from whatever source which shall be sufficient to enable the person to pay for necessary medical services. Nothing in this defini-

tion shall preclude the board of county commissioners from requiring medically indigent persons to reimburse the county for a portion of their medical expenses, when investigation of their application pursuant to chapters 34 and 35, title 31, Idaho Code, determines their ability to do so. (Emphasis added.)

The parties have stipulated that Barth's hospitalization was necessary and that he lacked "income or other resources available to him sufficient to enable him to pay for the medical services rendered by St. Alphonsus Regional Medical Center." R., p. 23. The statute plainly includes *"any* person who is in need of hospitalization" (emphasis added); it makes no exclusion of persons whose need arose from self-inflicted injuries. Clearly, then, Barth qualified as "medically indigent" under I.C. § 31–3502(1) (Supp.1986). Consequently, the county commissioners must provide for his care. I.C. § 31–3503(1) (1983).

The county commissioners argue that the Idaho legislators could not have intended such a result. If they did not, their words certainly belie their intent. The statute unambiguously includes "any" indigent person whether or not that person's injury is self-inflicted. This Court has held: "Where statutes are not ambiguous, it is the duty of the court to follow the law as written, and if it is socially or otherwise unsound, the power to correct is legislative, not judicial." *Anstine v. Hawkins,* 92 Idaho 561, 563, 447 P.2d 677, 679 (1968); *accord, e.g., Ottesen v. Board of Commissioners,* 107 Idaho 1099, 1100, 695 P.2d 1238, 1239 (1985). We see no justification for usurping the function of the legislature by reading an exception into the statute. *See Sterling v. Bloom,* 111 Idaho 211, 723 P.2d 755, 767 (1986); *State Department of Highways v. Copper Mountain, Inc.,* 624 P.2d 936, 938 (Colo.App.1981); *see generally,* 2A *Sutherland Statutory Construction* § 47.11, p. 145 (4th ed. 1984) (Generally speaking, "exceptions are not to be implied." (Footnote omitted.)).

■ As written the statute serves the policy of the medical indigency statutes "to provide suitable facilities and provisions for the care and hospitalization of persons in this state, and, *in the case of indigent persons, to provide for the payment thereof....*" I.C. § 31–3501 (1983) (emphasis added). Construing I.C. § 31–3501 (1983), this Court has held: "The legislature's general intent in enacting the medical indigency assistance statutes was twofold: to provide indigents with access to medical care and to allow hospitals to obtain compensation for services rendered to indigents. [Citations omitted.]" *Carpenter v. Twin Falls County,* 107 Idaho 575, 582, 691 P.2d 1190, 1197 (1984). Barth indisputably needed hospitalization but could not pay for it. St. Alphonsus had no choice but to treat him. *See* I.C. § 39–1391b (1985) ("[E]mergency or first aid services and care shall not be refused to any person by reason of ... financial ability to pay therefor."). Consequently, St. Alphonsus needs to "obtain compensation."

■ The following language quoted in *Carpenter* is not to the contrary: " 'The intent of the county medical assistance program ... is to extend broad coverage to those who, due to calamitous circumstances, are faced with medical costs they cannot hope to meet.' " *Carpenter, supra,* 107 Idaho at 584, 691 P.2d at 1199 (citations omitted). Barth would appear to have fallen into calamitous circumstances resulting from the unsuccessful suicide attempt. He did not voluntarily elect for hospital care; rather, he elected an option which, if successfully implemented, would have necessitated no hospital care at all. Instead, his attempt ended with a serious injury necessitating emergency care which was beyond his means to pay.

The decision of the district court is affirmed. Costs are awarded to the respondent, without an award of attorney's fees.

DONALDSON and HUNTLEY, JJ., concur.

SHEPARD, C.J., and BAKES, J., concur in the result.