903 P.2d 84

**In the Matter of the Application of Adam G. ACKERMAN for County Medical Aid.**

**JEFFERSON COUNTY, Petitioner–Respondent on Appeal,**

v.

**EASTERN IDAHO REGIONAL MEDICAL CENTER and Adam G. Ackerman, Respondents–Appellants on Appeal.**

No. 21133.

Supreme Court of Idaho,
Idaho Falls, May 1995 Term.

Sept. 21, 1995.

Thomsen & Stephens, P.A., Idaho Falls, for appellants. James D. Holman, argued.

Robin D. Dunn, Prosecuting Attorney, Rigby, for respondent.

SILAK, Justice.

This is an appeal from a denial of medical indigency benefits. Adam Ackerman (Ackerman) was involved in an accident requiring emergency hospitalization and incurred more than $8,000 in medical expenses. Ackerman applied for medical indigency assistance from Jefferson County (the County) and the Jefferson County Board of County Commissioners (Commissioners) denied the application. The sole issue is whether Ackerman is medically indigent. We hold that he is not medically indigent and affirm the decision of the Commission.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Ackerman was involved in an accident while riding his motorcycle and required emergency hospitalization at Eastern Idaho Regional Medical Center (Medical Center). Ackerman incurred medical bills of $8,140.85 and subsequently filed for medical indigency benefits with Jefferson County, his county of residence.

The record at the hearing before the Commission revealed the following facts. At the time of the accident, Ackerman was a 31 year-old male earning a monthly gross income of more than $3,000, with his housing and utilities provided by his employer. Ackerman had an outstanding debt, made up of credit card debts and school and personal loans, of $43,096.44. Ackerman testified that due to this incurred debt, $2,078 of his monthly net income of $2,088 is allocated to monthly expenses. His claimed expenses included the following monthly payments: $41.40 for a T.V. satellite subscription; $155 for a cellular mobile phone; approximately $425 for car and motorcycle payments; $697 in credit card debt; and approximately $650 on personal and school loans. His assets were valued at $12,045, but due to encumbrances and exemptions the assets had a net worth of approximately $2,000. These assets consisted of a truck, a motorcycle, a gun collection, a tool collection and various other items.

The Commissioners denied medical indigency benefits, finding Ackerman not to be medically indigent and that he "has the means and ability to pay the expenses incurred for his injury." The Medical Center appealed to the district court which affirmed the decision of the Commissioners. The Medical Center and Ackerman then appealed to this Court.

## II.

### STANDARD OF REVIEW

▮ Pursuant to I.C. § 31–3505, the denial by a board of county commissioners of an application for indigency benefits is reviewed under the Administrative Procedure Act, Idaho Code tit. 67, ch. 52. Judicial review of an administrative order is limited to the record. *St. Alphonsus Medical Ctr. v. Canyon County,* 120 Idaho 420, 423, 816 P.2d 977, 980 (1991), *overruled on other grounds by University of Utah Hosp. & Medical Ctr. v. Twin Falls County,* 122 Idaho 1010, 842 P.2d 689 (1992). A reviewing court may not substitute its judgment for that of the administrative agency on questions of fact, and will uphold an agency's finding of fact if sup-

ported by substantial and competent evidence. *Boise Group Homes v. Dep't. of Health and Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). A reviewing court may reverse the agency's decision or remand for further proceedings only if substantial rights of the appellant have been prejudiced. I.C. § 67–5279(4). This Court reviews an agency's decision independently of the district court's appellate decision. *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

## III.

### ANALYSIS

#### A. MEDICAL INDIGENCY AS DEFINED BY I.C. § 31–3502(1)

To qualify for benefits, an applicant must meet the following definition set out in I.C. § 31–3502(1):

"Medical indigent" means any person who is in need of hospitalization and who ... *does not have income and other resources available to him from whatever source which shall be sufficient to enable the person to pay for necessary medical services.* Nothing in this definition shall preclude the board of county commissioners from requiring medically indigent persons to reimburse the county for all or a portion of their medical expenses, when investigation of their application pursuant this chapter, determines their ability to do so.

(emphasis added).

In construing which resources may be considered in determining medical indigency, this Court has interpreted "available" under I.C. § 31–3502(1) in the following manner:

To be available a resource must have a positive value greater than its liabilities, encumbrances, and indebtedness. A resource, to be available must also be liquid; that is, it must be readily convertible into cash.

*Intermountain Health Care, Inc. v. Board of Cty. Comm'rs,* 109 Idaho 299, 303, 707 P.2d 410, 414 (1985). The Court reasoned that resources that cannot be readily converted into cash may not be considered as resources in determining eligibility. This Court also determined that "available" under I.C. § 31–

3502(1) denotes "*currently* or *immediately* obtainable income or resources and a corresponding *present* ability to pay ..." *University of Utah Hosp. and Medical Ctr. v. Twin Falls County,* 122 Idaho 1010, 1015, 842 P.2d 689, 694 (1992) (emphasis in the original). Against this backdrop we consider this case.

#### B. ACKERMAN HAS SUFFICIENT FUNDS WHICH ARE CURRENTLY AND IMMEDIATELY "AVAILABLE" TO PAY HIS MEDICAL EXPENSES

In reaching their decision, the Commissioners found that Ackerman was not medically indigent because he "has ample resources to pay for his medical expenses but for his voluntary abuse of credit cards. The credit cards are non-judicial obligations having no priority over the medical expenses incurred." We hold that the Commissioners' decision is supported by substantial and competent evidence.

Appellants contend that Ackerman should qualify for medical indigency benefits because his funds are not "available." They argue that Ackerman's monthly income is almost wholly consumed by monthly expenses and that his assets are not liquid, or readily convertible into cash, and therefore he cannot pay immediately. The main contention of this argument is that a future ability to pay, such as future income, is contrary to the definition of "available" as construed by this Court in *University of Utah Hosp.,* 122 Idaho at 1015, 842 P.2d at 694.

We do not believe that the definition of "available" necessarily means the *present* ability to pay all medical expenses immediately. Under appellants' argument, Ackerman is indigent unless he has a reserve of enough funds to pay off the incurred expenses all at once. We do not believe this statement accurately reflects the law. Ackerman presently has the ability to pay off his medical expenses in a reasonable time. Unlike the applicant in *University of Utah Hosp.,* 122 Idaho 1010, 842 P.2d 689 (1992), where we held that possible payments of S.S.I. benefits in the future were not "available resources" under I.C. § 31–3502(1), Ackerman has the present ability to pay his

medical expenses but for his lifestyle choices. Ackerman has a substantial monthly net income of $2,088 and receives free living arrangements. Although Ackerman claims that $2,078 of his income is spent on monthly expenses, these include expenses that are not necessities. Ackerman's monthly expenses include payments for a satellite T.V. and a cellular mobile phone which could be discontinued to provide extra funds for contribution toward his medical expenses. Further, the Commissioners found, and we agree, that the credit card debts are "non-judicial obligations having no priority over the medical expenses incurred."

We defer to the Commissioners on whether Ackerman's assets are liquid because "the question of whether a resource ... is liquid, is a question of fact" and is "therefore for the Board of County Commissioners, and not for the appellate courts to decide." *Intermountain Health,* 109 Idaho at 304, 707 P.2d at 415. The Commissioners found that a portion of Ackerman's assets are liquid. Our review of the record shows this finding to be supported by substantial evidence. For instance Ackerman has approximately $2,300 in equity in his truck. Ackerman claims that his truck is exempt pursuant to I.C. § 11–605. I.C. § 11–605(3) allows for vehicle exemptions of up to $1,500, leaving a portion of Ackerman's equity free from exemption. Ackerman also testified that he had guns valued at approximately $1,500, free of any encumbrances. This evidence supports the findings of the Commissioners.

Appellants also contend that the denial of the benefits is contrary to the policy behind medical indigency benefits. Appellants are correct in stating the two-fold policy of the statute as being: 1) to provide indigent persons with access to medical care and 2) to compensate medical facilities for services rendered to indigent persons. *St. Alphonsus Regional Medical Ctr., Ltd. v. Twin Falls County,* 112 Idaho 309, 311, 732 P.2d 278, 280 (1987); I.C. § 31–3501. Yet, the policy behind providing medical indigency benefits is to assist people who are "truly needy" with medical expenses, not necessarily to assist people who have the financial ability to pay were it not for their voluntary abuse of credit cards or the lifestyle choices they make.

## IV.

## CONCLUSION

We affirm the Commissioners' finding that Ackerman is not medically indigent and that he has sufficient funds to pay the medical expenses incurred for his injury. The order of the Commissioners is affirmed.

Costs on appeal to Jefferson County.

JOHNSON and SCHROEDER, JJ., concur.

McDEVITT, C.J., and TROUT, J., concur in the result.