915 P.2d 1387

**UNIVERSITY OF UTAH HOSPITAL, a wholly owned facility of the State of Utah, Plaintiff–Appellant,**

v.

**BOARD OF COMMISSIONERS OF ADA COUNTY, Idaho, Defendant–Respondent.**

No. 22147.

Court of Appeals of Idaho.

April 30, 1996.

Park, Redford, Thomas & Burkett, Boise, for appellant. Larry L. Goins argued.

Greg H. Bower, Ada County Prosecuting Attorney; Susan D. Thomas, Deputy Prosecuting Attorney, Boise, for respondent. Susan D. Thomas argued.

PERRY, Judge.

This is an appeal from an order of the district court affirming the Ada County board of commissioners' denial of University of Utah Hospital's request for reimbursement pursuant to the medical indigency statutes. We affirm.

**I.**

**FACTS AND PROCEDURE**

Marta Acevedo was advised by her physician that she needed surgery on her hip. Prior to the surgery, she applied for medicaid coverage. While her medicaid application was pending, Acevedo sought the necessary medical treatment at the University of Utah Hospital. Acevedo underwent surgery and remained in the hospital for five days in July of 1993. On August 18, 1993, her medicaid application was denied. On September 9, 1993, the hospital faxed a letter of application to Ada County seeking medical indigency benefits on Acevedo's behalf. A formal application was then filed by Acevedo and her husband, Manuel, on October 1, 1993. The board of commissioners of Ada County denied the application. The hospital requested a hearing for reconsideration of the Acevedos' application. The board of commissioners held a hearing on April 20, 1994. After that hearing, the board of commissioners prepared a written memorandum of findings of fact and conclusions of law. The board of commissioners determined that the application was untimely and consideration of the merits was therefore unnecessary.

The hospital appealed to the district court. The district court affirmed the board of commissioners' denial of benefits. The hospital now appeals. On appeal to this Court, the hospital acknowledges that the application for medical indigency benefits was not filed within the time period set forth in Idaho Code Section 31-3522. The hospital notes that the Idaho Supreme Court has interpreted the medical indigency act to allow coverage, in certain circumstances, although the application was filed in untimely manner. The hospital argues that the rule providing for coverage, despite a late application, should be applied in this case because the late filing caused no prejudice to the county. In the alternative, the hospital contends that Idaho Code Section 31-3504, which extends the filing period for medical indigency applications, applies in this case because Acevedo became indigent after admission to the hospital.

## II.

## ANALYSIS

### A. Standard of Review

 The medical indigency statutes, I.C. § 31–3501 *et seq.*, create a system of financial assistance in providing necessary medical care to the financially disadvantaged. The hospital in this case sought reimbursement from Ada County pursuant to these provisions. The application was denied. When such an application is denied, the applicant is entitled to judicial review of the decision of the board "in substantially the manner provided in the administrative procedures act." I.C. § 31–3505. The standard of review in such cases is well established.

Judicial review of an administrative order is limited to the record. A reviewing court may not substitute its judgment for that of the administrative agency on questions of fact, and will uphold an agency's finding of fact if supported by substantial and competent evidence. *Boise Group Homes v. Dep't of Health and Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). A reviewing court may reverse the agency's decision or remand for further proceedings only if substantial rights of the appellant have been prejudiced. I.C. § 67–5279(4). This court reviews an agency's decision independently of the district court's appellate decision. *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

*Jefferson County v. Eastern Idaho Regional Medical Center,* 127 Idaho 495, 496–97, 903 P.2d 84, 85–86 (1995) (citations omitted).

### B. Idaho Code Section 31–3522

Idaho Code Section 31–3522 provides that applications for medical indigency benefits must be filed ten or more days before admission to the hospital, except as provided in Section 31–3504.[1] The application in this case was not filed ten days prior to Acevedo's hospitalization and was, therefore, untimely under I.C. § 31–3522.

 An applicant who fails to meet the technical filing requirements of the medical indigency act may still be entitled to coverage. *Carpenter v. Twin Falls County,* 107 Idaho 575, 691 P.2d 1190 (1984). The Court in *Carpenter* noted that the medical indigency statutes did not explicitly indicate that the late filing of an application would result in no coverage. Further, the Court relied on the legislative history which states that the purpose of the medical indigency statutes is to provide hospital care for indigents and to insure that hospitals recover compensation for these services. The Court concluded that, in the absence of prejudice to the county stemming from the delay in filing, it was error for the board of commissioners to deny an application for benefits on the grounds that the filing requirements had not been met. *Carpenter,* 107 Idaho at 583, 691 P.2d at 1198. Therefore, the county must demonstrate that it was prejudiced by the untimely filing before the timing requirements of the medical indigency act will be strictly enforced. *University of Utah Hospital v. Clerk of Minidoka County,* 114 Idaho 662, 664, 760 P.2d 1, 3 (1988).

 The board of commissioners urges this Court to hold that *Carpenter* applies only in emergency cases. However, this issue has already been decided by our Supreme Court. *See Eastern Idaho Regional Medical Center v. Board of Comm'rs of Bonneville County,* 122 Idaho 241, 833 P.2d 99 (1992). In *Bonneville County,* a patient was admitted to the Eastern Idaho Medical Center for psychiatric treatment. After her release, she applied for medical indigency benefits. The board of commissioners of Bonneville County denied the application, finding that the care was not provided in emergency circumstances and that a preadmission application should have been filed. On appeal, the Supreme Court affirmed the board's finding that the care was provided in

---

1. Idaho Code Section 31–3522 provides in part:
 Except as provided in section 31–3504, Idaho Code, any medically indigent person desiring aid from any county of this state, shall before such aid can be given, make a written application to the clerk of the board of county commissioners of the county where such applicant resides.... not less than ten (10) days prior to admission to any health care facility or hospital....

non-emergency circumstances. *Id.* at 246, 833 P.2d at 104. The Court went on to discuss the board of commissioners' conclusion that the county was prejudiced by the post-admission application for county medical indigency aid. The Court held:

> Thus, the record reveals that the board properly inquired into the issue of prejudice, specifically *finding that the county was prejudiced by the post-admission application* and giving specific reasons for that prejudice.

*Id.* at 247, 833 P.2d at 105. Hence, even in non-emergency cases, inquiry into whether the county was prejudiced by an untimely filing is proper.

In this case, the board of commissioners found that the surgeon who performed Acevedo's surgery was paid in full and in an amount that exceeded the medicaid reimbursement rate, which the county follows when paying medical indigency benefits. The board determined that the medicaid rate of reimbursement for University of Utah Hospital was 78 percent for in-patient care and 100 percent for out-patient treatment, while local hospitals' reimbursement rates were noticeably lower. The board acknowledged, however, that the surgeon asserted that the surgery was not available with the appropriate level of expertise closer to the patient's residence. The board of commissioners further found that the hospital was aware prior to the surgery that the Acevedos were not covered by insurance and that the Acevedos had already paid $1,600 towards the medical expenses, all that they could afford.

Based on these findings of fact the board of commissioners concluded:

> [T]he prejudiced [*sic*] suffered is two-fold. The patient who has always been financially unable to pay this bill could have reimbursed the County the $1,600, and the County was unable to explore with the patient whether the services were available locally at lower reimbursement rates.

■ In *Bonneville County*, the board of commissioners concluded that the county was prejudiced by the untimely application because it didn't have: "(1) time to 'examine the medical indigency status of the parties;' and (2) time to determine the 'necessity of the services contemplated being rendered,' including 'alternative means of treatment.'" *Bonneville County*, 122 Idaho at 247, 833 P.2d at 105. In light of such precedent, the reason found by the board of commissioners in this case, that is the inability to explore other treatment possibilities, is ample to illustrate prejudice and justify the board of commissioners' refusal to consider the application for benefits pursuant to I.C. § 31–3522. Therefore, it is unnecessary that we address the remaining grounds for prejudice, the $1,600 payment or the medicare reimbursement rate, and we decline the invitation to do so.

## C. Idaho Code Section 31–3504

Idaho Code Section 31–3504 extends the filing period for medical indigency application in certain circumstances. That statute provides in part:

> An application for or on behalf of a medically indigent person receiving emergency medical services may be made any time within forty-five (45) days following the admission of said person to the hospital furnishing said care. If a person *becomes* medically indigent subsequent to admission to a hospital or subsequent to receiving treatment by a hospital, an application for the person, or on his behalf, shall be made within thirty (30) days of the time the person becomes medically indigent.

I.C. § 31–3504 (emphasis added). Neither side claims that the care provided in this case was an emergency medical service. There has been some dispute in this case as to whether the second sentence applies in non-emergency cases. We need not address this controversy, however, because regardless of the answer to that query, the outcome of this case would be the same.

According to Idaho Code Section 31–3502, the medically indigent are those in need of hospitalization who do not have "income and other resources available to [them] from whatever source which shall be sufficient to enable the person[s] to pay for necessary medical services." The board of commissioners made a factual finding that Acevedo's

financial status did not change after her admission to the hospital and a conclusion of law that Acevedo did not become medically indigent subsequent to her hospital admission.

 The hospital claims that Acevedo became medically indigent after her admission to the hospital, when her application for medicaid was denied. However, a pending medicaid application is not considered an available resource in determining qualification for medical indigency aid. *See University of Utah Hospital v. Twin Falls County,* 122 Idaho 1010, 842 P.2d 689 (1992). If the pending application for medicaid is not considered a resource, then its denial does not change the financial status of the applicant. We therefore uphold the finding of fact by the board of commissioners that no change occurred in Acevedo's financial status after her admission to the hospital. Hence, Acevedo did not become indigent after her admission to the hospital. Idaho Code Section 31–3504 does not apply and thereby extend the filing deadline for the medical indigency application.

### E. Attorney Fees

 A successful litigant is generally not entitled to attorney fees unless such recovery is provided by statute. *McCoy v. Dep't of Health and Welfare,* 127 Idaho 792, 907 P.2d 110 (1995). The county requests fees, presumably under Idaho Code Section 12–121. That provision provides that, "in any civil action," the judge may award the prevailing party reasonable attorney fees. An appeal to the district court under the Idaho Administrative Procedure Act does not constitute a "civil action" as defined by I.R.C.P. 3(a). *McCoy,* 127 Idaho at 797, 907 P.2d at 115. Attorney fees are, therefore, not available to the county under I.C. § 12–121. *Lowery v. Board of County Comm'rs,* 117 Idaho 1079, 1082, 793 P.2d 1251, 1254 (1990).

### III.

### CONCLUSION

Idaho Code Section 31–3522 provides that applications for medical indigency must be submitted at least ten days prior to hospitalization. However, this provision has not been strictly construed by the appellate courts. Rather, the board of county commissioners must also consider a late application unless the county is prejudiced by the untimely filing. In this case, the county lost the opportunity to explore other treatment alternatives prior to Acevedo's surgery. Therefore, we need not address any further basis of prejudice. The county has shown that it suffered prejudice as a result of the untimely filing of the application and, therefore, properly refused to consider the merits of the application under I.C. § 31–3522.

Idaho Code Section 31–3504 extends the filing period in certain circumstances. University of Utah Hospital claimed that Acevedo became indigent after entering the hospital. The only alleged change in Acevedo's financial status was the denial of her medicaid application. However, a pending medicaid application is not an asset for determination of indigency. Therefore, I.C. § 31–3504 does not apply in the current case because the surgery was not emergency care and Acevedo did not become indigent after hospitalization. The Acevedos' application for medical indigency benefits was untimely under I.C. § 31–3522 and the extensions provided in I.C. § 31–3504 do not apply. Hence, we affirm the decision denying the application. Costs, but not attorney fees, are awarded to respondent, board of commissioners of Ada County.

WALTERS, C.J., and LANSING, J., concur.