192 P.3d 1050

**MERCY MEDICAL CENTER, Petitioner–Appellant,**

v.

**ADA COUNTY and the BOARD OF COUNTY COMMISSIONERS OF ADA COUNTY, Respondent.**

**No. 34155.**

Supreme Court of Idaho, Boise, May 2008 Term.

Aug. 26, 2008.

Hall, Farley, Oberrecht & Blanton, Boise, for appellant. Phillip S. Oberrecht argued.

Ada County Prosecuting Attorney, Boise, for respondent. Claire S. Tardiff argued.

HORTON, Justice.

This is an appeal from the district court's order vacating the denial of an application for medical indigency benefits and remanding to a county board of commissioners for further findings. We affirm the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Elvira Orozco (the Patient) came to Ada County in October, 2004, from Mexico. She initially resided in Garden City, Idaho. In March, 2005, she moved to a residence in Meridian, Idaho, where she lived until June, 2006. In June, 2006, she moved to a different residence in Meridian, where she lived with her parents and her three children.

The Patient was admitted to Mercy Medical Center (Mercy) on February 13, 2006, for medical treatment. She was released the following day, but was re-admitted on February 18, 2006 and remained at the hospital until February 20, 2006. She was treated for cholecystitis and a cholecystectomy was performed.

On July 7, 2006, the Patient submitted a delayed application to Ada County for indigent medical assistance. On August 22, 2006, Respondent Board of Commissioners of Ada County (Board or County) issued its initial denial of the application, on the basis that the Patient "is a resident of Mexico and has no proof of legal status to remain in the United States," concluding that her presence in Ada County "must be found to be temporary since she is subject to deportation...." The Board did not address whether the treatment received by the Patient was medically necessary nor did the Board address whether she was indigent. As permitted by I.C. § 31–3505D, Mercy appealed the initial determination.

On November 1, 2006, the same day as the hearing on the appeal, the Board issued its Findings of Fact, Conclusions of Law, and Final Determination denying indigent benefits. The Board concluded that the Patient "is not a resident of Ada County ... [b]ecause the Applicant is a resident of Mexico and has no proof of legal status to remain in

the United States, her presence in the United States and Ada County must be found to be temporary since she is subject to deportation...." Once again, the Board did not address whether the treatment was medically necessary or whether the Patient was indigent.

On November 28, 2006, Mercy filed a petition for judicial review. On February 13, 2007, Mercy filed its initial brief before the district court. On March 1, 2007, the Board responded to Mercy's briefing by moving to remand the matter for further proceedings. In its accompanying memorandum, the Board conceded legal error, stating that "[t]he position argued in Mercy's brief regarding citizenship and residency in medical indigency cases is well-reasoned...."[1] On March 20, 2007, over Mercy's opposition, the district court vacated the Board's decision and remanded the matter to the Board for further proceedings. By separate order entered on June 8, 2007, the district court awarded attorney fees to Mercy pursuant to I.C. § 12–117.

Mercy has appealed the district court's order of remand. We affirm.

## II. STANDARD OF REVIEW

Although a county board of commissioners is not a state agency for purposes of the application of the Idaho Administrative Procedures Act (APA)[2] in its totality, *Petersen v. Franklin County*, 130 Idaho 176, 182, 938 P.2d 1214, 1220 (1997), by express statutory provision, a county's denial of an application for medical indigency benefits is reviewed under the APA. *See* I.C. §§ 31–3505G, 31–3511(5), 31–1506; *Jefferson County v. E. Idaho Reg'l Med. Ctr. (Application of Ackerman)*, 127 Idaho 495, 496, 903 P.2d 84, 85 (1995).

 Historically, this Court has stated that it will review the decision of a Board

independently, as if the case were directly appealed to this Court, while giving serious consideration to the district court's decision. *E. Idaho Reg'l Med. Ctr. v. Ada County Bd. of County Comm'rs (Application of Hamlet)*, 139 Idaho 882, 884, 88 P.3d 701, 703 (2004). In such cases, judicial review is limited to the factual record before the agency. I.C. § 67–5277; *Shobe v. Ada County Bd. of County Comm'rs*, 130 Idaho 580, 583, 944 P.2d 715, 718 (1997) (citing *Application of Ackerman*, 127 Idaho at 496–97, 903 P.2d at 85–86). This Court will not substitute its judgment for that of the agency on questions of fact and it will uphold the agency's findings if supported by substantial and competent evidence. *Shobe*, 130 Idaho at 583, 944 P.2d at 718. We are, however, free to correct errors of law in the agency's decision. *Love v. Bd. of County Comm'rs of Bingham County*, 105 Idaho 558, 559, 671 P.2d 471, 472 (1983). The challenging party must show the Board's error and the Board's decision may only be overturned if this Court finds that it: (a) violates statutory or constitutional provisions; (b) exceeds the Board's statutory authority; (c) is made upon unlawful procedure; (d) is not supported by substantial evidence in the record; or (e) is arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279; *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998). Additionally, the party attacking the board's decision must first demonstrate that the decision prejudiced a substantial right. *Id.*

In this case, however, there is no controversy between the parties as to the central legal issue that Mercy requests this Court address on appeal. This is because the Board conceded that its conclusion that an undocumented alien may never be a resident for purposes of this state's indigency statutes was legal error. More accurately, Mercy's appeal asks this Court to review the district court's decision to remand this matter to the

---

1. In its briefing before this Court, the Board reiterated its concession of legal error, writing: "[T]he remand provides the occasion for the Board to correct its previous erroneous application of law to the facts of this case with regard to residency, as conceded in the County's Motion for Remand." We note that the Board has not consistently recognized this error. In another case argued before this Court in the May 2008

Term of Court, the Board advanced the position that it abdicated in this case. *See St. Alphonsus Reg'l Med. Ctr., Inc. v. Bd. of County Comm'rs of Ada County*, 146 Idaho 51, 190 P.3d 870, (2008).

2. The APA is codified in chapter 52, Title 67, Idaho Code.

Board for further findings rather than remanding with directions to approve the application.

Proceedings in the district court in cases involving judicial review of an agency's action are governed by I.R.C.P. 84. This rule does not explicitly provide for remand to the agency; rather, I.R.C.P. 84(r) provides, in pertinent part, as follows: "Any procedure for judicial review not specified or covered by these rules shall be in accordance with the appropriate rule of the Idaho Appellate Rules to the extent the same is not contrary to this Rule 84."

Rule 13.3(a), I.A.R., provides as follows:

At any time before the issuance of an opinion, the Supreme Court may on its own motion, or on motion of any party showing *good cause,* order a case to be remanded to the district court or to the administrative agency to take further action as designated in the order of remand.

*Id.* (emphasis added).

■ This Court has consistently held that trial courts' decisions involving application of a "good cause" standard are discretionary decisions. *See e.g., Farrell v. Bd. of Comm'rs, Lemhi County,* 138 Idaho 378, 390–91, 64 P.3d 304, 316–17 (2002) (considering I.R.C.P. 56(c)); *Camp v. E. Fork Ditch Co., Ltd.,* 137 Idaho 850, 859, 55 P.3d 304, 313 (2002) (considering late motion for summary judgment, noting that I.R.C.P. 16(b)(6) authorizes modification of scheduling order modified upon showing of good cause); *State v. Young,* 136 Idaho 113, 116, 29 P.3d 949, 952 (2001) (considering I.C. § 19–3501(2), noting that "[b]ecause there is no fixed rule for determining what constitutes good cause, the matter is initially left to the discretion of the district court."). Therefore, we conclude that the district court's decision to remand the application to the Board is appropriately reviewed for abuse of discretion.

■ The standard of review of discretionary decisions is well-established: "Abuse of discretion is determined by a three part test which asks whether the district court '(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal

standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason.'" *Ada County Highway Dist. v. Total Success Inv., LLC,* 145 Idaho 360, 371, 179 P.3d 323, 334 (2008) (quoting *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.,* 139 Idaho 761, 765, 86 P.3d 475, 479 (2004)).

## III. ANALYSIS

Mercy raises two issues on appeal: First, despite the fact that the County has already conceded legal error on the issue, Mercy requests that this Court address whether an undocumented alien may be a "resident" for purposes of this state's indigency statutes because this "is an issue that is becoming more prevalent in Idaho under these statutes." Second, Mercy challenges the district court's decision to remand the application to the Board for additional findings, contending that the appropriate statutory remedy for the Board's error is to deem the application approved. Mercy and the Board each seek an award of attorney fees on appeal. We consider these issues in the order presented.

## A. The Board's determination regarding residency does not present a justiciable issue.

■ Idaho's medical indigency laws require counties to contribute to the cost of providing necessary medical care to county residents who cannot otherwise pay for that care themselves. *See* I.C. § 31–3501. A county can only deny a claim for medical indigency benefits if one of the following factors of eligibility is not met by the applicant: (i) residency in the obligated county, (ii) indigency from a standpoint of lack of resources, and (iii) medical necessity of the treatment. *See* I.C. §§ 31–3505B, 31–3502. The county's duty to pay is mandatory if an applicant satisfies the statutory requirements. I.C. § 31–3505B.

Idaho Code § 31–3502(12) defines "resident," for purposes of the medical indigency statute, as "a person with a home, a house, place of abode, place of habitation, dwelling or place where he or she actually lived for a consecutive period of thirty (30) days or more

within the state of Idaho." The definition further states that "A resident does not include a person who comes into this state for *temporary* purposes, including, but not limited to education, vacation, or seasonal labor." *Id.* (emphasis added). In the instant case, the Board denied the application because it found that, as an undocumented Mexican national, the Patient was not a resident of Ada County. Rather than conducting an analysis of the Patient's individual circumstances, the Board stated that since undocumented aliens are subject to deportation, her stay in Ada County could only be for temporary purposes.

■ Although Mercy wishes for us to do otherwise, we are not free to address the underlying legal question whether an undocumented alien may be a resident for purposes of Idaho's medical indigency statutes.[3] We have stated that "[j]usticiable issues are controversies that are real and substantial and can be concluded through the grant of relief by a court." *State v. Hoyle*, 140 Idaho 679, 682, 99 P.3d 1069, 1072 (2004). In this case, the parties agree that the Board applied an erroneous legal standard. There is simply no "real and substantial" issue presented by this appeal for resolution by this Court.

## B. The district court did not abuse its discretion by remanding the matter to the Board.

We turn to the real issue on appeal: whether, after the Board conceded error, it was appropriate for the district court to remand the application to the Board to make further findings on the essential elements of the application or whether the proper remedy was to deem the application approved.

The district court's two-page decision granting the Board's motion to remand is more succinct than the order from which judicial review was taken. However, it is clear that the district court correctly perceived that the decision to remand was committed to its discretion.

■ The next inquiry is whether an order of remand was within the outer boundaries of the district court's discretion and consistent with the applicable legal standards before it. The determination whether an individual is entitled to medical indigency benefits requires consideration of other factors of eligibility besides residency. Since the Board summarily concluded that the Patient was not a resident because she was an undocumented alien, and thus ineligible for benefits, it did not make findings of the type normally considered when making a determination of residency, such as the Patient's personal and family circumstances, her length of stay in Ada County, her employment in Ada County, or her subjective intent to remain in Ada County. For the same reason, the Board made no findings as to the other factors of eligibility, i.e., the Patient's indigency and the medical necessity of the services provided. The absence of these critical findings requires us to consider the proper procedure for filling the lacunae.

---

3. We note that we addressed this issue in a recent case. *See St. Alphonsus Reg'l Med. Ctr., Inc. v. Bd. of County Comm'rs of Ada County,* 146 Idaho 51, 190 P.3d 870 (2008). In *St. Alphonsus,* we held that status as an undocumented alien did not control the determination of whether an applicant is a resident for purposes of determining eligibility for medical indigency benefits and that Ada County's application of a bright line test improperly used domicile, rather than residency, as the standard to determine eligibility. *Id.* Rather, we applied earlier case law holding that, under the clear language of the statute, the applicant need only prove: (1) physical presence in Idaho for at least thirty days; (2) and a present, subjective intent to reside in Idaho longer than temporarily. *Id.*

We further note that the Legislature addressed the question of undocumented aliens' entitlement to public benefits in the 2007 legislative session. *See* Idaho Code §§ 67–7901—67–7903 (2007 S.L. ch. 311, § 1, pp. 877–79). As we noted in *St. Alphonsus,* this legislation provides that all persons eighteen years of age or older must provide proof of lawful presence in the United States in order to receive certain public benefits. This requirement extends to receiving medical indigency benefits for non-emergency medical treatment excluding pre and post-natal care. I.C. § 67–7903. Because the statute has no retroactive effect, it is inapplicable to the present application. Nonetheless, the Legislature's action has ended the debate on this issue, effective July 1, 2007.

Our decision is based solely on state law and we do not herein address issues of federal law preemption since the issue has not been addressed by either party.

Under the APA, "specificity in the findings and reasons of the lower tribunal is vital." *Intermountain Health Care, Inc. v. Bd. of County Comm'rs of Caribou County,* 108 Idaho 757, 762, 702 P.2d 795, 800 (1985). While the applicant carries the initial burden of proof in establishing a prima facie showing of medical indigency, that burden of proof shifts to the county to rebut the applicant's claims, which carries with it a reciprocal duty to make a reasonable inquiry into the grounds for the application. *Salinas v. Canyon County,* 117 Idaho 218, 221, 786 P.2d 611, 614 (Ct.App.1990).

Mercy maintains that, due to the Board's failure to fulfill its reciprocal duties, the application must be deemed approved without remand. Mercy bases this contention on I.C. § 31–3511(4) which provides: "If the board fails to act upon an application within the time lines required under this chapter, the application shall be deemed approved and payment made as provided in this chapter." We have held that the failure to strictly comply with these time limits requires a county to pay the claims advanced in an application. *See e.g., Ottesen v. Bd. of Comm'rs of Madison County,* 107 Idaho 1099, 1100–01, 695 P.2d 1238, 1239–40 (1985) (applying I.C. § 31–3505, the previous penalty provision of the medical indigency statutes).

This is not, however, an instance in which the County failed to act upon the application, thus triggering the penalty provision of I.C. § 31–3511(4). In the instant case, the Board did issue a written determination denying the application within the statutory timeframe, albeit solely upon an erroneous legal premise. Therefore, we conclude that the penalty provisions of the statute do not apply to this application, and consequently, the possibility of remand is not foreclosed.

Idaho Code § 67–5279 states: "If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." Although reversal of the agency action is not expressly an option of the reviewing court under the language of I.C. § 67–5279, we have noted that "[t]he reviewing court can reverse or modify the county decision only in limited circumstances, such as when the county's decision is affected by error of law, is clearly erroneous in view of the whole record, or is found to be arbitrary and capricious." *IHC Hosp., Inc. v. Teton County,* 139 Idaho 188, 189, 75 P.3d 1198, 1199 (2003) (citing *Idaho County v. Idaho Dep't of Health & Welfare,* 128 Idaho 846, 848, 920 P.2d 62, 64 (1996)).

We recognize that, despite the absence of formal findings by the Board, the agency record contains information submitted by the Patient regarding her financial resources, habitation history, employment, and medical documents, which would tend to support a finding of eligibility on remand. However, when a board fails to make a factual determination on a necessary issue, the district court must not make its own factual determination but must rather remand the case to the board to make that determination. *Univ. of Utah Hosp. v. Clerk of Minidoka County,* 114 Idaho 662, 665, 760 P.2d 1, 4 (1988); *accord, In re Application of Hayden Pines Water Co.,* 111 Idaho 331, 336, 723 P.2d 875, 880 (1986) ("[W]here the record is inadequate to permit the reviewing court to determine whether or not an agency's action is supported by substantial competent evidence, a remand to the agency for further development of the record may be required."); *but cf., Bonner General Hosp. v. Bonner County,* 133 Idaho 7, 11, 981 P.2d 242, 246 (1999) (holding that remand to the board for further findings of fact was not necessary where the board had *already* made findings from the "paucity of evidence" that were arbitrary, capricious, and an abuse of discretion). The resolution of factual issues cannot be made for the first time by the district court nor can they be made by this Court on appeal. *Univ. of Utah Hosp.,* 114 Idaho at 665, 760 P.2d at 4. Under the APA, those findings properly belong to the agency. *Id.* Thus, in prior cases, we have concluded that it was appropriate to set aside a board's decision and remand the matter for further proceedings after determining that a county had failed to fulfill its investigative duties regarding an application for indigent benefits. *Univ. of Utah Hosp. v. Ada County Bd.*

*of Comm'rs*, 143 Idaho 808, 811–12, 153 P.3d 1154, 1157–58 (2007).

As the County concedes in its briefing before this Court, the determination of the Board offers little for this Court to review:

> Approval of an application requires a determination that necessary medical services have been provided to a medically indigent resident. I.C. § 31–3505B. The requisite findings, therefore, relate to whether the medical services were necessary, whether the patient is medically indigent and whether the patient is a resident. Only one of the required findings—residency—is addressed in the Board's Finding of Facts, Conclusions of Law and Final Determination. . . .

In the absence of findings that are appropriate for judicial review, the district court's decision to vacate the Board's order and remand for further proceedings was within the outer boundaries of its discretion and consistent with applicable legal standards before it.

This leads us to the final question, namely whether the district court's decision was reached by an exercise of reason. On appeal, Mercy contends that the district court should have reversed the erroneous decision of the Board rather than simply remanding the case to the Board for "a second bite at the apple" and the chance to deny the application on some other grounds. The district court evidently disagreed, noting that "[i]f further review by this court is warranted after action by the commissioners on remand, a new appeal can be instituted without any demonstrable prejudice to either party."

Even if the evidence contained in the agency record tends to support a finding of eligibility, this determination is for the County to make in the first instance, not by the district court on judicial review nor by this Court on appeal. As the district court correctly observed, in the event that the application is again denied by the Board, Mercy has the right to again seek judicial review. I.C. § 31–3505G. We conclude that the district court reached the decision to remand this matter by the exercise of reason.

## C. Neither party is entitled to an award of attorney fees on appeal.

Both parties request attorney fees on appeal pursuant to I.C. § 12–117(1).[4] That statute provides in part:

> Unless otherwise provided by statute, in any administrative . . . proceeding involving as adverse parties . . . a county . . . and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

Mercy has not prevailed in this appeal and is therefore not entitled to an award of attorney fees. Although the Board has prevailed in the dispute as to the effect of I.C. § 31–3511(4), we are unable to conclude that Mercy has unreasonably pursued this appeal. For that reason, we hold that the Board is not entitled to an award of attorney fees on appeal.

## IV. CONCLUSION

We affirm the decision of the district court, vacating the determination of the Board that the Patient was not entitled to medical indigency benefits solely on the basis that she was an undocumented alien and remanding the matter to the Board for further action. We decline to award attorney fees. Costs to Respondent.

Chief Justice EISMANN, Justices BURDICK, J. JONES and Justice Pro Tem TROUT concur.

---

4. The County does not challenge the award of attorney fees to Mercy in the district court's order. Therefore, only the cross claims for entitlement to costs and attorney fees on appeal are before this Court.