# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45614

| | | |
|---|---|---|
| Re: Medical Indigency Application of C.H. (Gem County Case No. 16-026) | ) ) | |
| -------------------------------------------------------- | ) | |
| ST. LUKE'S HEALTH SYSTEM, LTD., | ) ) | Boise, December 2018 Term |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Filed: February 27, 2019 |
| BOARD OF COMMISSIONERS OF GEM COUNTY, IDAHO, | ) ) ) | Karel A. Lehrman, Clerk |
| Defendant-Respondent. | ) ) ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

The Board's Amended Determination of Approval for Benefits is <u>vacated</u>, and the case is <u>remanded</u>.

Hawley Troxell Ennis & Hawley, LLP, Boise, for appellant. Mark C. Peterson argued.

Erick Thomson, Gem County Prosecuting Attorney, Emmett, for respondent. Tahja Lee Jensen argued.

_____

BRODY, Justice.

This appeal arises from a medical indigency application filed by St. Luke's with Gem County. On January 26, 2016, St. Luke's accepted an indigent patient suffering from meningitis, seizures, and brain lesions. The patient was ready for transfer to another medical facility by February 18, 2016, but was refused by multiple care providers because they did not want to admit an indigent patient without a payor source. St. Luke's finally contracted with Life Care, another medical facility, to take the patient on the condition that St. Luke's would guarantee payment for a thirty day period. The patient was transferred to Life Care on March 9, 2016.

1

St. Luke's applied for medical indigency benefits covering the period of time from the patient's initial hospitalization until she was transferred to the Life Care facility. Gem County initially approved the application for benefits through February 3, 2016. St. Luke's appealed that determination, and after a hearing, the Board approved medical indigency benefits from January 26, 2016, until February 18, 2016. The Board entered a written determination titled "Amended Determination of Approval for County Assistance" which set forth the various bills that were approved for payment, but did not in any way reflect the denial of benefits or the reasoning of the Board.

St. Luke's then sought judicial review of the Amended Determination before the district court, which affirmed the Board's decision. St. Luke's appealed. We vacate the Board's Amended Determination because it does not reflect the partial denial of benefits and because there are no findings of fact or conclusions of law setting forth the basis for the Board's denial.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2016, emergency medical personnel transported a 63 year-old woman to Valor Health because she was unresponsive. She had a tonic-clonic seizure en route. She was then transferred to St. Luke's Meridian Medical Center and began treatment for meningitis and brain lesions. Her health improved over the next several weeks.

Both St. Luke's and Gem County agree that the patient did not require care from an acute care inpatient hospital after February 18, 2016. However, while St. Luke's made multiple attempts to place her with another, lower care facility, she was consistently denied by providers citing concerns over payment. Ultimately, Life Care agreed to accept the patient on the condition St. Luke's would guarantee payment for daily care for a period of thirty days. St. Luke's agreed and transferred her to Life Care on March 9, 2016. The discharge report explained it was unsafe for the patient to return home at that time. St. Luke's sought reimbursement from Gem County pursuant to Idaho's Medical Indigency Act for care provided from the time the patient was hospitalized through March 9, 2016.

Following an investigation, the Gem County Clerk of the Board, filed a cursory statement of findings with the Board indicating that the patient was an indigent county resident, the services were medically necessary, the application was complete, and the county was the last resource. The Board approved St. Luke's application five days later for dates of service from

2

January 26, 2016, through February 3, 2016. St. Luke's appealed that decision approximately ten days later.

The clerk had Dr. Doug Dammrose, a utilization management reviewer retained by counties and the State Catastrophic Health Care Program, examine the patient's medical records at four different times, with each of his successive reports expanding the medical record before the Board as St. Luke's submitted new records. In his medical reviews, Dr. Dammrose changed the recommended cutoff date for medically necessary services from February 3 to February 12, and finally to February 18. He explained his last opinion only in the following summary:

> The additional clinical notes indicate the patient was medically stable on 02/19 and it appears she no longer needed the services of an acute care inpatient hospital. Her medical care was at a maintenance level, and her needs were rehabilitative in nature. The inpatient stay from 02/19/2016 to 03/09/2016 is considered not medically necessary for purposes of payment. IC 31-3502(18)A(E)B(d).

At the hearing on St. Luke's appeal, the Board voted to amend the approved dates of service to January 26, 2016, through February 18, 2016—the same dates recommended in Dammrose's final amended report. However, the Board did not explicitly address the remaining dates of service from February 19, 2016, to March 9, 2016. The transcript of the appeal hearing shows a cursory discussion and vote by the Commissioners:

> COMM. REKOW: Mr. Chair, I move on Case No. 16-026 that we amend our dates of service from January 26 to February the 3rd for the previous dates to January 26 to February the 18th as presented by our indigent clerk for recommendation and as noted by the medical provider.
>
> COMM. BUTTICCI: That would be 2017?
>
> COMM. REKOW: 2016.
>
> COMM. BUTTICCI: Okay.
>
> COMM. ELLIOTT: I'll second.
>
> COMM. BUTTICCI: Second by Mr. Elliott. Further discussion? All in favor say aye.
>
> (Vote taken.)
>
> COMM. BUTTICCI: There we go. We've approved the amended dates. Thank you for coming over.

The Amended Determination that was issued by the Commissioners following the hearing likewise did not set reflect the partial denial of benefits or set forth the findings of fact and conclusions of law justifying that denial.

3

St. Luke's then filed a petition for judicial review before the district court. Upon review of the agency record, the district court concluded that the Medical Indigency Act was not meant to provide long-term rehabilitative care to indigent patients, nor was the treatment medically necessary after February 18, 2016. Accordingly, the criteria for medical necessity—as required by the statute—were no longer met on February 18 when the patient became "medically stable." The district court then affirmed the Board's decision at the October 10, 2017, judicial review hearing and in an Order on Judicial Review the following day. St. Luke's timely appealed to this Court.

## II.    STANDARD OF REVIEW

While a county board of commissioners is not a state agency, express statutory provisions require a county's denial of medical indigency benefits to be reviewed under Idaho's Administrative Procedure Act (APA). *Mercy Med. Ctr. v. Ada Cnty., Bd. of Cnty. Commissioners of Ada Cnty.*, 146 Idaho 226, 229, 192 P.3d 1050, 1053 (2008) (citing I.C. §§ 31–3505G, 31–3511(5), 31–1506). This Court freely reviews the county board's legal conclusions, and it will not alter factual determinations as long as the board's findings are supported by substantial and competent evidence. *Id.* When the district court acts in an appellate capacity under Idaho's Administrative Procedure Act, this Court reviews the agency's determination independent of the district court's decision. *Id.*; *St. Joseph Reg'l Med. Ctr. v. Nez Perce Cnty. Commissioners*, 134 Idaho 486, 488, 5 P.3d 466, 468 (2000).

## III.    ANALYSIS

### A. The Board failed to make the necessary findings of fact and conclusions of law and explicit denial of benefits.

St. Luke's contends that the indigent patient's care from February 19 to March 9 was medically necessary. Before we can address this question, however, we must first answer whether the Board rendered a final decision that is reviewable. We hold that it did not.

Under Idaho's Administrative Procedure Act, "[a] party aggrieved by a final order in a contested case decided by an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this chapter if the person complies with the requirements of sections 67-5271 through 67-5279." I.C. § 67-5270(3). The APA specifically requires an order to be in writing and include:

4

(a) A reasoned statement in support of the decision. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record supporting the findings.

(b) A statement of the available procedures and applicable time limits for seeking reconsideration or other administrative relief.

I.C. § 67-5248(1).

"[S]pecificity in the findings and reasons of the lower tribunal is vital" to appellate review because the "resolution of factual issues cannot be made for the first time by the district court nor can they be made by this Court on appeal." *Mercy Med. Ctr.*, 146 Idaho at 232, 192 P.3d at 1056 (quoting *Intermountain Health Care, Inc. v. Bd. of Cnty. Comm'rs of Caribou Cnty.*, 108 Idaho 757, 762, 702 P.2d 795, 800 (1985)). Pursuant to the APA, those findings properly belong to the county board of commissioners. *Id.* Accordingly, it is "appropriate to set aside a board's decision and remand the matter for further proceedings after determining that a county . . . failed to fulfill its investigative duties regarding an application for indigent benefits." *Id.*

The reality is that the Board denied St. Luke's medical indigency application in part and granted it in part. The Amended Determination explains why the application was granted, but it does not show that benefits were denied or how that decision was reached. While factual findings do not have to be exhaustive, some record support and written explanation is required. It is vital for the Board to provide specificity in the findings such that there was "a reasoned statement in support of the decision." I.C. § 67-5248(1)(a). While there may be a temptation to simply shortcut the legal process and address both legal conclusions reached in Dr. Dammrose's report, this Court resolves disputes not by diving into every issue raised by the parties, but rather, by carefully considering whether an issue must be decided and upon what grounds. Moreover, resolution of factual issues cannot be made for the first time by this Court. *Mercy Med. Ctr.*, 146 Idaho at 232, 192 P.3d at 1056. Those findings belong to the Board. *Id.* Therefore, we vacate the Amended Determination and remand this case for the entry of findings of fact and conclusions of law.

**B. St. Luke's is not entitled to attorney's fees on appeal.**

St. Luke's contends that the Court should award it attorney's fees because the Board had no authority or evidence to deny services from February 19 to March 9, 2016. Idaho Code section 12-117(1) provides: ". . . the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable

expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law." However, the Board failed to make factual findings and legal conclusions. Because neither party has prevailed, we decline to make a fee award.

## IV.    CONCLUSION

The Board's Amended Determination of Approval for Benefits is vacated, and the case is remanded for proceedings consistent with this opinion. Costs to St. Luke's.


Chief Justice BURDICK, and Justices BEVAN, STEGNER, and HORTON CONCUR.