889 P.2d 88

William "Bill" SHOBE and Barbara "Bobbie" Shobe, dba B & B Residential Care, Plaintiffs–Appellants,

v.

BOARD OF COMMISSIONERS OF ADA COUNTY, IDAHO; Vernon L. Bisterfeldt, Gary Glenn, and Roger Simmons, Board Members, Defendants–Respondents.

No. 20796.

Supreme Court of Idaho,
Boise, December 1994 Term.

Feb. 3, 1995.

Penland Munther Boardman, Chtd., Boise, for appellants. Larry L. Goins argued.

Ada County Pros. Atty.'s Office, Boise, for respondents. Nancy L. Werdel argued.

PER CURIAM.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This case involves three residents of B & B Residential Care (B & B), which is a residential care facility owned by the appellants, William and Barbara Shobe (the Shobes). The residents currently receive income from state and federal benefits totalling $762 per month, which in the past has been sufficient

to take care of their costs of living at B & B. B & B has now concluded that the actual cost of care is closer to $1,200 per month and thus, B & B requested the difference between the SSI and Medicaid benefits, and what the Shobes believe it costs for them to take care of the residents, be paid by Ada County. B & B has made this request of Ada County because all three residents in question originally came from Ada County.

A hearing was held before the Ada County Commissioners (the Commissioners) on December 2, 1992. At this hearing testimony was taken and facts were presented. The hearing was then continued until January 5, 1993, evidently to give the parties time for additional discovery. Although it is not entirely clear from the record, the attorney for the Shobes and the attorney for Ada County apparently agreed during this interim break between hearings that this case could be resolved as a matter of law by asking the Commissioners to determine whether or not Ada County was liable for any payments over and above the state and federal aid. The parties then agreed that in the event the Commissioners concluded Ada County could be obligated to pay additional amounts for the costs of care, the parties would then present evidence to support their respective positions on the reasonable cost of that care. This was submitted to the Commissioners who rendered a decision that, likewise, is not entirely clear. This lack of clarity may be due to the parties' presentation of facts at the first hearing and the presentation of legal issues only at the second hearing. It appears that the Commissioners either concluded that the state and federal benefits were sufficient as a matter of law, or that in this instance the record supported their conclusion that the residents were receiving enough support to provide the necessities of life. In either event the Commissioners concluded that Ada County was not responsible to pay any further amount for the cost of residential care.

This was appealed to the district court and the district court agreed, saying that there was no proof that this was a reasonable amount for the residents to pay, and that they would have to be evicted first in order to show that they could not obtain reasonable care in any other facility for less money. The decision was then appealed to this Court and the Shobes assert several bases for finding Ada County liable. They contend first that under Title 31, ch. 35, these residents are "otherwise indigent" or "sick" and Ada County is responsible for their care and maintenance at the residential care facility. The Shobes also contend that because the residents are medically unemployable, they come within the provisions of Title 31, ch. 34 and, thus, are entitled to residential care costs under that chapter as well. Finally, the Shobes argue that other counties have paid additional amounts for other residents' residential care and therefore, these particular residents are denied equal protection of the laws because Ada County is not paying those costs in their cases. There is also a request for fees by the appellants.

## II.

### ANALYSIS

The parties apparently believed that, in lieu of establishing additional facts before the Commissioners at the second hearing, they could ask the Commissioners to decide as a matter of law whether the residents are entitled to supplemental assistance from Ada County. On the contrary, we conclude that a determination of whether someone is "indigent" within the meaning of the medical indigency statutes necessarily entails an analysis of the reasonable costs of care and income or assets available. This is clearly a factual, not legal, determination. Moreover, we find no procedural mechanism in either the indigency statutes or the Administrative Procedures Act which permits the Commissioners to issue a declaratory ruling on a legal issue. By submitting only the legal question the parties were requesting an advisory opinion from the Commissioners on matters which were largely factual. Although the Commissioners have the authority to interpret statutes under the rule making provisions of I.C. § 67–5203 to –5208, they clearly were not undertaking that function in the present case. This appeal is, therefore, from an invalid order and is not properly before this Court on appeal. We decline to rule on the issues

presented by the parties and direct that the order of the Commissioners be vacated and this case be remanded for further proceedings consistent with this opinion. Each party is to bear their own costs and fees on appeal.