944 P.2d 715

**William "Bill" SHOBE and Barbara "Bobbie" Shobe, dba B & B Residential Care, Petitioners–Appellants,**

v.

**ADA COUNTY, Idaho; BOARD OF COMMISSIONERS of Ada County Idaho; Vernon Bisterfeldt, Gary Glenn, and Roger Simmons, Board Members; and J. David Navarro, Ada County Clerk, Respondents.**

No. 23153.

Supreme Court of Idaho, Boise, April 1997 Term.

Sept. 4, 1997.

Park, Redford, Thomas & Burkett, Boise, for Petitioners–Appellants. Larry L. Goins argued.

Greg H. Bower, Ada County Prosecutor; Nancy L. Werdel, Deputy Prosecuting Attorney, Boise, for Respondents. Nancy L. Werdel argued.

SCHROEDER, Justice.

This is an appeal from a decision of the Fourth District Court which affirmed findings of fact and conclusions of law issued by the Ada County Board of County Commissioners subsequent to a remand from this Court in *Shobe v. Board of Comm'rs of Ada County*, 126 Idaho 654, 889 P.2d 88 (1995) (*Shobe I*). The Board of County Commissioners denied county indigency assistance to three residents of B & B Residential Care, which is owned by William and Barbara Shobe, the Appellants, and located in Kooskia, Idaho.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

Three former residents of Ada County (collectively "Applicants") have applied for county assistance from Ada County pursuant to Chapters 34 and 35, Title 31, of the Idaho Code. Suzanne Nelson and Leck Patoumma, two of the applicants for county assistance, currently reside at the B & B Residential Care Center in Idaho County ("B & B"). A third applicant, Charlene Rogers, was discharged from B & B on January 16, 1993. The applications for public assistance for Charlene Rogers and Suzanne Nelson were filed with Ada County on or about February 7, 1992, and the application for Leck Patoumma was filed on or about February 11, 1992. The applications for aid for Suzanne Nelson and Leck Patoumma cover periods from February 7, 1992, and February 11, 1992, respectively, through the present. Charlene Rogers' application for monthly assistance covers the period of February 7, 1992, through January 16, 1993.

The Applicants are diagnosed with schizophrenia. Each receives state and federal benefits averaging $764.00 per month through Aid to the Idaho State Aged, Blind, and Disabled program ("AABD") and through the federal Supplemental Security Income program ("SSI"). The money they receive from these programs is their sole source of income. This entire amount, less a $58.00 monthly "personal needs" allowance, is paid to the residential care providers, B & B.[1] The Applicants have lived at B & B for periods of time ranging from three (3) to ten (10) years and have received food, shelter, clothing and supervision from B & B.

This case first came to the Court in *Shobe I*, 126 Idaho 654, 889 P.2d 88 (1995), following denial of assistance to the Applicants by the Board of County Commissioners which was affirmed by the district court.

This Court vacated the Board's order and remanded the case for further proceedings, concluding that "a determination of whether someone is 'indigent' within the meaning of the medical indigency statutes necessarily entails an analysis of the reasonable costs of care and income or assets available. This is clearly a factual, not legal, determination." 126 Idaho at 655, 889 P.2d at 89.

Pursuant to this Court's directive, the Board conducted a remand hearing and issued factual findings regarding the indigency status of the Applicants, denying County assistance under both Chapter 34, Title 31 and Chapter 35, Title 31. B & B appealed this decision to the district court. The district court affirmed the County's decision, and B & B has again appealed the denial of indigency benefits to this Court.

## II.

## STANDARD OF REVIEW

■ The standard of review for decisions by boards of county commissioners in medical indigency matters is set fourth in *Appli-*

---

1. The applicants also receive Medicaid benefits from the State, however, B & B does not provide medical care to its residents.

*cation of Ackerman*, 127 Idaho 495, 903 P.2d 84 (1995):

> Pursuant to I.C. § 31–3505, the denial by a board of county commissioners of an application for indigency benefits is reviewed under the Administrative Procedures Act, Idaho Code tit. 67, ch. 52. Judicial review of an administrative order is limited to the record. *St. Alphonsus Regional Medical Ctr. v. Canyon County*, 120 Idaho 420, 423, 816 P.2d 977, 980 (1991), *overruled on other grounds by University of Utah Hosp. & Medical Ctr. v. Twin Falls County*, 122 Idaho 1010, 842 P.2d 689 (1992). A reviewing court may not substitute its judgment for that of the administrative agency on questions of fact, and will uphold an agency's findings of fact if supported by substantial and competent evidence. *Boise Group Homes v. Dep't of Health and Welfare*, 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). A reviewing court may reverse the agency's decision or remand for further proceedings only if substantial rights of the appellant have been prejudiced. I.C. § 67–5279(4). This Court reviews an agency's decision independently of the district court's appellate decision. *Dovel v. Dobson*, 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

*Id.* at 496–97, 903 P.2d at 85–86. The district court correctly cited *Ackerman* for the standard of review.[2] "As to the weight of the evidence, neither the district court nor this Court on appeal may substitute its judgment for that of the agency." *Woodfield v. Board of Prof'l Discipline of the Idaho State Bd. of Med.*, 127 Idaho 738, 744, 905 P.2d 1047, 1053 (Ct.App.1995).

### III.

### ADA COUNTY'S OBLIGATION

**A. Ada County Is Not The Obligated County Under Chapter 34, Title 31.**

Section 31–3407 provides that "[t]he county obligated for payment of nonmedical assistance for eligible applicants shall be the county in which said applicant currently maintains a residence *at the time of application.*" I.C. § 31–3407 (emphasis added). Applications were received on February 7, 1992, from Suzanne Nelson and Charlene Rogers, and on February 11, 1992, from Leck Patoumma. The Applicants did not reside in Ada County at the time of the applications. They resided at B & B in Idaho County.

Both parties cite I.C. § 31–3407, which does establish Idaho County as the county obligated to provide nonmedical assistance. However, this statute was not in effect in February 1992. Act effective July 1, 1992, ch. 83 § 3, 1992 Idaho Sess. Laws 256. Chapter 34, Title 31 entitled Nonmedical Indigent Assistance, was added as a new chapter in 1992 and was not in effect until July 1, 1992.

At the time the Applicants filed for assistance, I.C. § 31–3404 stated that a person applying for indigent assistance "shall before such aid can be given, make a written application to the clerk of the board *of county commissioners of the county where such applicant may reside*... except in the case of an emergency or extreme necessity no person shall receive the benefit of this chapter who shall not have been a resident of the state of Idaho for at least one (1) year and of the county at least six (6) months next preceding the application for county aid." Act effective Apr. 13, 1991, ch. 233, § 3, 1991 Idaho Sess. Laws 555 (emphasis added).

■ Since the Applicants were not residents of Ada County at the time the applications for assistance were filed, Ada County was not obligated to provide assistance under Chapter 34, Title 31. Furthermore, the Board correctly relied on the language contained in I.C. § 31–3401 in concluding that Idaho counties are not obligated to provide for residential care: "Nothing in this chapter shall imply county assistance is to be provid-

---

**2.** I.C. § 31–3505, which is cited in *Ackerman*, was repealed by S.L.1996, ch. 410, § 1, effective July 1, 1996. This repeal will not affect the standard of review or applicable procedures in this case because: 1) the final determination which is the subject of review was final on July 26, 1995, and 2) the review process is still governed by the Idaho Administrative Procedure Act. I.C. § 31–3505G, –1506 (1996).

ed on a continuing basis." I.C. § 31–3401. Since Ada County was not the obligated county, it is unnecessary to address the remaining issues presented which pertain to Chapter 34, Title 31.

## B. Ada County Is The Obligated County Under Chapter 35, Title 31.

Section 31–3506, which was applicable at the time the applications were filed, stated:

Obligated County.—Persons are not required to establish a time duration of residency in Idaho to become eligible for county medical assistance. The county obligated for payment shall be determined as follows:

. . . .

(2) The obligated county for payment for individuals institutionalized in a *residential care home,* nursing home, hospital, or other medical facility, shall be as follows:

(a) The last county in which the applicant or head of household has maintained a residence for six (6) consecutive months or longer within the past five (5) years preceding application shall be obligated. If the applicant or head of household maintains another residence in a different county or state for purposes of employment, the county where the family residence is maintained shall be deemed the applicant's or head of household's place of residence.

(b) If an individual has not resided in any county for a period of six (6) months within the five (5) years preceding incurrence of medical costs for which counties have a responsibility in whole or in part, then the county where the applicant maintained a residence immediately preceding such incurrence shall be the obligated county.

I.C. § 31–3506 (Supp.1993) (emphasis added).[3] The Board concluded that Ada County is the obligated county under Chapter 35, Title 31. Though it is arguable that Ada County is not the obligated county, the Court accepts the Board's determination that Ada

County is the obligated county for assistance under Chapter 35, Title 31.

## IV.

## THE BOARD'S FINDING THAT THE RESIDENTS ARE NOT INDIGENT IS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE.

Section 31–3502 defines "indigent" as "any person who is destitute of property and unable to provide for the necessities of life." I.C. § 31–3502(7) (Supp.1993). In the first appeal in this case, *Shobe I,* this Court declared that "a determination of whether someone is 'indigent' within the meaning of the medical indigency statutes necessarily entails an analysis of the reasonable costs of care and income or assets available. This is clearly a factual, not legal, determination." 126 Idaho at 655, 889 P.2d at 89.

Based on this Court's reference to "reasonable costs of care," the Shobes presented evidence to the Board on the facility's costs associated with providing residential care services to its residents, indicating the cost per Applicant to be approximately $1,200.00 to $1,300.00 per month. This evidence was presented to the Board by an accountant for the Shobes who testified by affidavit that B & B's costs were based on generally accepted accounting principles, the Provider Reimbursement Manual for the Idaho Department of Health and Welfare, and rules and regulations of the Internal Revenue Service. The Board also considered the evidence of the AABD/SSI grant payments and a study by Price Waterhouse which examined the finances of seventy-seven residential care facilities in Idaho. The Shobes argue that the Price Waterhouse study should not have been given weight by the Board. However, the study was submitted without objection and contained information that was relevant for consideration.

■ The Board found that "the AABD/SSI grant amounts, which are based on the level of care a resident actually receives, and which, in the matter of the applications before this Board, have averaged $764 over the

3. Effective July 1, 1996, I.C. § 31–3506(2) designates the "obligated county for payment of nec- essary medical services for medical indigent individuals." I.C. § 31–3506(2) (1996).

last three years, represent fair and equitable reimbursement rates for residential care, and should be used by Ada County as comparable 'Medicaid' reimbursement rates for B & B residents, as well as any and all residential care claims, to the extent Ada County is required to pay for residential care under Chapter 35 or Chapter 34." The Board concluded that the "income or assets available" to the Applicants can meet the "reasonable costs of care" of the residential care facility and hence, the Applicants were not indigent. This is a factual determination, pursuant to *Shobe I*, and will not be disturbed by this Court since it is supported by substantial and competent evidence contained in the record. This Court further notes that a person who is not indigent is also not "otherwise indigent."

## V.

### NON-MEDICAL COUNTY AID TO "SICK PERSONS" UNDER CHAPTER 35, TITLE 31, IS PERMISSIVE, NOT COMPULSORY.

■ The Board found that "the applicants do fall within the Idaho Code § 31–3502(6) definition of 'sick' persons." That definition provides: " 'Sick' means any person affected with disease or who is unable to care for himself and who does not have the means to provide for his own support, but who does not necessarily require the services of a hospital as defined in subsection (2) of this section." I.C. § 31–3502(6) (Supp.1992). The significance of this factual determination is demonstrated by the statutory powers and duties of boards of county commissioners: "The boards of county commissioners in their respective counties shall, under such limitations and restrictions as are prescribed by law: (1) Care for and maintain the medically or otherwise indigent, and *may* provide for the care of other sick persons as provided in this chapter...." I.C. § 31–3503 (Supp. 1993) (emphasis added).[4]

As the statutory language demonstrates, the counties of the State of Idaho are not obligated to "care for and maintain" sick persons in need of assistance. I.C. § 31–

3503. The Board made a factual determination that the Applicants are "sick persons," but this does not alter or modify the level of responsibility placed on the counties by the legislature. This is a discretionary form of public assistance which the Ada County Board of County Commissioners has opted not to assume. This Court will not impose such an obligation on a county without a statutory mandate from the legislature.

## VI.

### APPROPRIATENESS OF COUNTY ASSISTANCE

■ The Shobes stated two other issues on appeal: 1) whether county assistance is preempted by the Idaho Board and Care Act; and 2) whether county assistance is prohibited by the Idaho State Constitution. These issues were not argued to this Court, nor was any supporting authority cited to this Court. "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). These issues will not be considered by this Court.

## VII.

### THE FACILITY AND THE APPLICANTS WERE NOT DENIED EQUAL PROTECTION OF THE LAWS.

■ The question is presented whether the Applicants have been denied equal protection of the law in light of the fact that residents at B & B from Twin Falls County and Lincoln County are receiving county aid. In *Barrows v. State*, 106 Idaho 901, 684 P.2d 303, *cert. denied*, 469 U.S. 1074, 105 S.Ct. 570, 83 L.Ed.2d 510 (1984), an action was instituted on behalf of mentally ill patients. Among other allegations, it was contended that the patient's right to equal protection of the laws had been violated since they were housed in a dormitory-type setting, while other mentally ill patients were housed in a community-based facility. *Id.* at 904, 684 P.2d at 306. This Court affirmed that "all

---

4. In 1995, I.C. § 31–3503 was amended to eliminate a county's obligation to provide for "other-

wise indigent" persons. Act effective July 1, 1995, ch. 9, § 1, 1995 Idaho Sess. Laws 14.

persons under like circumstances and condition shall be treated alike," and "that the differences in treatment for mentally ill persons must be based upon rational grounds, *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)." *Id.*

The Applicants' equal protection arguments do not allege that Chapter 35, Title 31 is unconstitutional on its face. Furthermore, there has been no showing that applicants for Ada County aid, who are "under like circumstances and conditions," *id.,* are treated differently or that Ada County misapplied the indigency statutes. The Applicants have not established an equal protection violation.

## VIII.

### THE FACILITY AND APPLICANTS WERE NOT DENIED DUE PROCESS AT THE MEDICAL INDIGENCY HEARING.

■ The Shobes argue that the Ada County Prosecuting Attorney, who represents the Board, should not present opposition to the indigency applications in front of the Board. The dual role of the prosecuting attorney is established by statute. The Idaho Code mandates that the Ada County Prosecuting Attorney gives advice to the Board "in all public matters arising in the conduct of the public business" and "prosecute[s] and defend[s] all civil actions in which the county or state is interested." I.C. § 31–2604. The Shobes have cited no authority that invalidates the statutory scheme and have made no showing in this case that the prosecuting attorney's participation deprived them of due process.

■ In addition, the Shobes assert that the Board was not objective and unbiased, because the payment of indigency benefits comes from the county treasury, the same fund which supports the Board. In *Ferguson v. Board of Trustees of Bonner County Sch. Dist. No. 82,* 98 Idaho 359, 564 P.2d 971 (1977), the Court established that "actual bias" must be shown to disqualify an administrative board from sitting as decision maker in a case. *Id.* at 365, 564 P.2d at 977. To establish a denial of due process the Shobes must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* at 366, 564 P.2d at 978 (quoting *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712.) There is no indication in this record of actual bias on the part of the Board. The Shobes have failed to show that their rights to due process have been violated by the Board.

## IX.

### CONCLUSION

The decision of the district court affirming the findings of facts and conclusions of law of the Ada County Board of County Commissioners is affirmed. Costs on appeal are awarded to Ada County. No attorney fees are awarded on appeal.

TROUT, C.J., and JOHNSON, McDEVITT* and SILAK, JJ., concur.

---

* Justice McDevitt participated in this decision pri-    or to his resignation.