## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39580

ALPINE VILLAGE COMPANY, an Idaho corporation,

    Plaintiff-Appellant,

v.

CITY OF MC CALL, a municipal corporation,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2013 Term

2013 Opinion No. 69

Filed: June 14, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County.  Hon. Michael R. McLaughlin, District Judge.

District court grant of summary judgment, affirmed.

Millemann & Pittenger, McCall, for appellant.   Steven J. Millemann argued.

Givens Pursley, LLP, Boise, for respondents.  Christopher H.  Meyer argued.

_____

BURDICK, Chief Justice

Appellant Alpine Village Company (Alpine) appeals from the Valley County district court's grant of summary judgment in favor of Respondent City of McCall. Alpine brought a claim against McCall alleging the city's enforcement of Ordinance 819, an ordinance found to be unconstitutional in a separate proceeding, effectuated an unlawful taking of Alpine's property in violation of the United States Constitution and a taking or inverse condemnation in violation of the Idaho Constitution.

The parties filed cross-motions for summary judgment, and the district court granted McCall's motion and denied Alpine's motion on all claims.  In its decision, the district court found that Alpine's state law claims are barred due to a failure to timely comply with the notice requirements of the Idaho Tort Claims Act (ITCA), and the federal claims are either not ripe or time-barred by I.C. § 5-219(4).  We affirm the district court.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2006, McCall passed Ordinance 819, which required developers of residential subdivisions to include a certain number of affordable community housing units in its development plans. Ordinance 819 was codified as McCall City Code § 9.7.10. The ordinance allowed an applicant subject to the ordinance to comply in any one or combination of four ways: (1) to build community housing units on the site of the development; (2) to build or provide the community housing units off-site; (3) to provide land for the construction of community housing units; and (4) to pay an "in lieu fee."

On June 20, 2006, Alpine filed an application with the Planning and Zoning Commission to develop the Alpine Village, a mixed use residential and commercial property. Alpine initially proposed to convert sixteen mobile home spots on another property and build another six onsite units to satisfy Ordinance 819. The Planning and Zoning Commission preliminarily approved Alpine's application on October 3, 2006, with the condition that Alpine revise its community housing plan. Alpine's March 12, 2007 revised plan called for the purchase of a seventeen unit apartment complex called the Timbers. This plan was approved on March 22, 2007, and Alpine closed on the Timbers on April 16, 2007. Alpine and McCall entered into a Development Agreement for the Alpine Village on December 13, 2007.[1]

While Alpine was developing its plans, a third party, Mountain Center Board of Realtors, had filed a complaint against McCall, Case No. 2006-490-C ("MCBR litigation"), to declare Ordinance 819 as facially unconstitutional. On February 19, 2007, the Valley County district court ruled that Ordinance 819 was an unconstitutional tax. On April 24, 2008, McCall passed Ordinance 856, which repealed Ordinance 819 and the similar Ordinance 820. Subsequently, McCall and Alpine entered into the First Amendment to the Development Agreement on July 24, 2008. The amendment lifted the restrictions imposed by Ordinance 819 as applied to Alpine

---

[1] Section 7.1 of the Development Agreement expressly referenced the pending litigation on the constitutionality of McCall's Ordinance 819:

> Alpine Village's approved Community Housing Plan is attached hereto as Exhibit "B". Alpine Village waives and releases the City from any claims whatsoever regarding or stemming from the pending litigation between the Mountain Central Board of Realtors and the City (i.e. *Mountain Central Board of Realtors, et al v. City of McCall, et al*) . . . as to Community Housing Units which are sold pursuant to this Plan prior to the final disposition of such litigation. The Plan will be reviewed and modified, as necessary, to comply with the final disposition of the litigation as to any Community Housing Units which have not been sold prior to the final disposition of the litigation.

Village. On August 8, 2008, the First Amendment to the Alpine Village Development Agreement was recorded.

On November 15, 2010, Alpine sent a written demand letter to McCall seeking payment of damages incurred in purchasing the Timbers. McCall did not respond to the letter. Alpine filed a Verified Complaint against McCall in state district court on December 10, 2010. An amended complaint was filed on May 23, 2011, and a second amended complaint was filed on September 19, 2011. The second amended complaint contained three causes of action. The first alleged McCall's application of Ordinance 819 to Alpine was an unlawful taking under the Fifth and Fourteenth Amendments to the United States Constitution. The second alleged that the same action was an unlawful taking in violation of Article I, Section 14 of the Idaho Constitution. The third alleged that the same action was an unlawful taking under the Fifth and Fourteenth Amendments to the United States Constitution as applied to state action pursuant to 42 U.S.C. § 1983.

After the complaint was filed in state district court, McCall removed the case to federal court. Subsequently, Alpine filed a Motion to Remand to State Court that was granted by the federal district court on the grounds that the federal claims were not yet ripe.

On September 19, 2011, McCall filed a motion for summary judgment contending that: (1) Alpine's inverse condemnation claim was barred by I.C. §§ 50-219, 6-906, and 6-908 because Alpine did not timely file a notice of claim with McCall; (2) Alpine's inverse condemnation claim is barred by the four-year statute of limitation; (3) Alpine's decision to purchase the Timbers was voluntary; (4) Alpine's 42 U.S.C. § 1983 claim is barred by a two-year statute of limitations; (5) Alpine's claims are barred by the Release in the Development Agreement; and (6) Alpine's claims are barred by laches.

Alpine filed a cross-motion for summary judgment contending that: (1) McCall's imposition of Ordinance 819 on Alpine constituted a taking or inverse condemnation under Article I, Section 14 of the Idaho Constitution and that if relief is denied on the state claim then a taking occurred under the Fifth Amendment of the United States Constitution; (2) Alpine's inverse condemnation claim was timely under the four-year statute of limitations; (3) Alpine's inverse condemnation claim was not barred by Idaho Code § 50-219; (4) Alpine's federal claims were timely under the applicable statute of limitations; and (5) McCall's remaining arguments concerning release, voluntary purchase, and laches are without merit.

3

After hearing argument on the motions the district court issued its Memorandum Decision on Plaintiff's and Defendant's Cross Motions for Summary Judgment on December 16, 2011. In its decision, the district court granted McCall's motion for summary judgment and denied Alpine's motion on all claims for relief. On the state inverse condemnation claim, the district court found that Alpine failed to timely comply with the notice requirements of I.C. §§ 50-219, 6-906, and 6-908. On the federal claims, the district court found Alpine's first claim to be unripe and the third claim to be untimely filed and barred by I.C. § 5-219(4). Alpine timely filed a notice of appeal to this Court on January 12, 2012.

## II. ISSUES ON APPEAL

1. Whether the district court erred by dismissing Alpine's state law takings claims on summary judgment.

2. Whether the district court erred by dismissing Alpine's federal law takings claims on summary judgment.

3. Whether either party is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party.

*Fuller v. Callister*, 150 Idaho 848, 851, 252 P.3d 1266, 1269 (2011) (quoting *Castorena v. Gen. Electric*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010)). "However, the nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact." *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632, 637, 272 P.3d 1263, 1268 (2012). "The date when a cause of action accrues is a question of law to be determined by this Court where no disputed issues of material fact exist." *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 405, 210 P.3d 86, 90 (2009). "This Court exercises free review over questions of law." *Fuller*, 150 Idaho at 851, 252 P.3d at 1269.

## IV. ANALYSIS

**A. The district court did not err in dismissing Alpine's state law claims on summary judgment.**

In its memorandum decision, the district court held that Alpine's failure to comply with the notice requirements of I.C. §§ 50-219, 6-906, and 6-908 barred Alpine's state law claim of inverse condemnation. In reaching this decision, the district court found that the 180 day period for notice mandated by I.C. § 6-906 began to run no later than December 13, 2007, making Alpine's November 15, 2010 demand letter untimely. The district court did not address the issues of equal protection or estoppel.

On appeal, Alpine argues that the district court erred as a matter of law in holding that Alpine's state inverse condemnation claim is barred by I.C. §§ 50-219 and 6-908. Alpine's argument has five parts. First, Alpine argues that the notice requirement of I.C. § 6-908 is procedural, not jurisdictional, and that a failure to give notice could be excused on constitutional or equitable grounds. Second, Alpine argues that the notice requirement of I.C. § 6-908 does not apply to non-tort claims for damages against municipalities. Third, Alpine argues that the application of the notice statute violates Alpine's constitutional right to equal protection. Fourth, Alpine argues that McCall should be estopped from asserting the notice statute as a bar. Finally, Alpine argues that its state claims were filed within the four-year statute of limitations prescribed by I.C. § 5-224.

Idaho Code section 50-219 states that "[a]ll claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code." Idaho Code section 6-906 requires:

> All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

Further, I.C. § 6-908 states that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act."

The plain language of I.C. § 50-219 that requires "all claims for damages against a city" applies to the claims brought in this case. This Court has previously held that I.C. § 50-219 requires claimants to follow the filing procedure in I.C. § 6-906. *See Sweitzer v. Dean*, 118 Idaho 568, 572, 798 P.2d 27, 31 (1990). Alpine argues that I.C. § 50-219 only incorporates I.C. §§ 6-906 and 6-907, as they are the two subsections of chapter 9, title 6 that specifically address filing claims. However, this position ignores that I.C. § 6-908 outlines the ramifications for

5

failing to timely file a claim, a function that would clearly bring it within the scope of I.C. § 50-219. Therefore, Alpine's claims must be timely as contemplated in I.C. §§ 6-906 and 6-908 or they will not be allowed under I.C. § 50-219.

1. Whether Alpine satisfied the notice requirements of I.C. § 50-219.

The dispositive determination on this issue is whether Alpine satisfied the notice requirements of I.C. § 6-906 as applied to I.C. § 50-219.

> This Court has held that knowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the 180 days. The Court has further held that the statutory period begins to run from the occurrence of the wrongful act even if the full extent of damages is not known at that time.

*BHA Investments, Inc. v. City of Boise*, 141 Idaho 168, 174, 108 P.3d 315, 321 (2004) (internal quotation omitted).

The parties agree that the November 15, 2010 demand letter from Alpine is the earliest notice that was given to McCall under I.C. § 6-908. To be timely, the claim must have arisen or reasonably should have been discovered no later than on or about May 19, 2010.

McCall contends that Alpine's state inverse condemnation cause of action accrued on June 20, 2006, the day it filed its development applications. Alpine contends that the cause of action accrued on December 13, 2007, the day Alpine entered into the Development Agreement with McCall. The district court correctly noted that this is the latest possible date for the accrual of the action. Alpine had knowledge of the allegedly wrongful act—at the very latest—when the development agreement was signed. We hold that because Alpine's claims were filed more than 180 days after their cause of action accrued, the claims are untimely under I.C. § 50-219.

2. Whether the notice requirement of I.C. § 6-908 is a procedural or jurisdictional requirement.

On appeal, Alpine argues that I.C. § 6-908 is a procedural, not jurisdictional bar, and that this Court can still consider Alpine's constitutional and equitable arguments. Alpine is correct.

Article 5, section 20 of the Idaho Constitution states that "[t]he district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

> Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the

6

particular facts is triable before the court in which it is pending, because of some of the inherent facts that exist and may be developed during trial.

*Troupis v. Summer*, 148 Idaho 77, 79-80, 218 P.3d 1138, 1140-41 (2009) (quoting *Richardson v. Ruddy*, 15 Idaho 488, 494–95, 98 P. 842, 844 (1908)). "This Court has adopted a presumption that courts of general jurisdiction have subject matter jurisdiction unless a party can show otherwise." *Borah v. McCandless,* 147 Idaho 73, 78, 205 P.3d 1209, 1214 (2009). Since there is no showing that jurisdiction is lacking, the district court had jurisdiction over the claims.

However, the plain language of the statute and previous holdings of this Court show that non-compliance with I.C. § 6-908 deprives Alpine of the right to assert the claims:

> The ITCA mandates that if a claimant does not provide the government with timely notice of its claim, it loses the right to assert the claim. I.C. § 6–908. Timely and adequate notice under the ITCA is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate.

*Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 410, 258 P.3d 340, 345 (2011) (internal quotation omitted). Therefore, in the absence of any applicable exception, Alpine's claim is barred as untimely.

3. <u>Whether the application of the notice statute violates Alpine's constitutional right to equal protection.</u>

Alpine argues the application of the notice statute violates Alpine's constitutional right to equal protection based upon McCall treating Alpine differently than other similarly situated persons. This assertion is based on Alpine's belief that parties affected by Ordinance 819 are similarly situated to those applicants affected by Ordinance 820, a related act by McCall. McCall provided refunds to parties that paid community housing fees directly to the city. Alpine argues that in doing so, McCall waived the notice requirement as to those parties affected by Ordinance 820 but unlawfully invokes the notice requirement in regards to Alpine. The district court declined to address this issue in its memorandum decision, based upon the district court's finding that the requirements of I.C. § 50-219 present a jurisdictional bar.

"The majority of Idaho cases . . . state that the equal protection guarantees of the federal and Idaho Constitutions are substantially equivalent." *Rudeen v. Cenarrusa*, 136 Idaho 560, 568, 38 P.3d 598, 606 (2001). "The principle underlying the equal protection clauses of both the Idaho and United States Constitutions is that all persons in like circumstances should receive the same benefits and burdens of the law." *Bon Appetit Gourmet Foods, Inc. v. State, Dep't of Employment*, 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989). As a necessary corollary, no

7

equal protection analysis is required and no violation of equal protection will be found in situations where the State has not engaged in the disparate treatment of similarly situated individuals. *See Shobe v. Ada Cnty., Bd. of Comm'rs*, 130 Idaho 580, 585–86, 944 P.2d 715, 720–21 (1997).

It must be determined as a threshold issue whether Alpine received different treatment than other similarly situated individuals. McCall argues that any refund or return of property similar to those impacted by Ordinance 820 would be impossible here, since the city received no money or land from Alpine. McCall is correct. In terms of an equal protection analysis, Alpine did not receive the same remedy because Alpine is not similarly situated to the parties that paid fees under Ordinance 820. McCall returned money to those that paid fees and released the housing restrictions that were placed on the Timbers. These are different solutions that demonstrate the unlike circumstances experienced by Alpine and the other parties. Since Alpine is not similarly situated to parties that were treated differently we hold that further equal protection analysis is unnecessary, and McCall's actions did not violate Alpine's rights to equal protection.

4. <u>Whether McCall should be estopped from asserting the notice statute as a bar.</u>

Under the same rationale as its equal protection argument, Alpine argues that the doctrine of quasi-estoppel should stop McCall from using I.C. § 6-908 as a bar. In response, McCall argues that Alpine cannot establish the essential elements of quasi-estoppel. Like Alpine's equal protection argument, the district court declined to address estoppel in its memorandum decision.

> The doctrine of quasi-estoppel has its basis in acceptance of benefits; it precludes a party from asserting to another's disadvantage a right inconsistent with a position previously taken by him or her. The doctrine applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced or of which he accepted a benefit.

*Mitchell v. Zilog, Inc.*, 125 Idaho 709, 715, 874 P.2d 520, 526 (1994).

The premise of Alpine's argument does not address the elements of quasi-estoppel. McCall did not change its position relative to Alpine, it merely applied a different means of redressing damages under Ordinances 819 and 820. And, as noted above, these different means were necessary given the different methods used to satisfy the ordinances. There is nothing in the record to indicate—and Alpine has not demonstrated—an unconscionable or inconsistent position taken by McCall in relation to Ordinance 819 or to Alpine. Therefore, we hold that the doctrine of quasi-estoppel does not apply.

8

**B. The district court did not err in dismissing Alpine's federal law claims on summary judgment.**

Alpine brought two federal claims in its second amended complaint. The first cause of action alleged that McCall's application of Ordinance 819 to Alpine's development constituted an unlawful taking under the Fifth and Fourteenth Amendments to the United States Constitution. Alpine's third cause of action alleged an unlawful taking under 42 U.S.C. § 1983.

In its decision, the district court found that both federal claims are unripe under the two-prong ripeness test in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). The district court also found that both claims are time barred by the two-year statute of limitations in I.C. § 5-219(4).

1. Whether Alpine satisfied the requirement of the ripeness test in *Williamson County*.

The district court found that the undisputed facts of this case demonstrate that this is an as-applied challenge to McCall's actions and subject to the ripeness test in *Williamson County*. The district court is correct. The crux of Alpine's argument is that the application of Ordinance 819's community housing requirements to Alpine's housing development constituted an unlawful taking.

  a. *Whether a final decision was rendered in this case.*

In *Williamson County*, the United States Supreme Court held that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. at 186.

In *Penn Central Transportation Co. v. New York City*, the Supreme Court declined to find that the application of New York City's Landmarks Preservation Law to Grand Central Terminal effected a taking because, although the Landmarks Preservation Commission had disapproved a plan for a 50-story office building above the terminal, the property owners had not sought approval for any other plan. 438 U.S. 104, 136–37 (1978). The Supreme Court concluded that the Commission's decision was not final because it was not clear whether the Commission would deny approval for all uses that would enable the plaintiffs to derive economic benefit from the property. *Id.*

Similarly, the district court found that Alpine failed to contest the Development Agreement, and that there is no final decision as defined in *Williamson County*. On appeal, Alpine argues that the proper standard on whether a final determination was made is if the local

decision makers had an opportunity to review at least one reasonable development proposal. In response, McCall argues that Alpine's failure to probe alternatives to proceeding with the Timbers results in not meeting this prong of the ripeness test. Additionally, McCall argues that Alpine's admission in its brief that the use of the Timbers was its idea means that there was no final decision.

Alpine's interpretation of a final determination is inconsistent with the holding in *Williamson County*. There is nothing in the record to indicate any action by McCall that would constitute a final decision regarding the application of Ordinance 819 to Alpine's development. Although Alpine initially proposed an alternative to satisfy the ordinance, there is no evidence that Alpine challenged the purchase of the Timbers to the county or the city. For this reason, it is unclear how McCall would have responded. Like in *Penn Central*, the absence of such a challenge means this Court does not have the benefit of a final decision, and the federal claims are unripe under the first prong of the *Williamson County* ripeness test.

b. *Whether Alpine sought compensation for the alleged taking through available state procedures.*

The second part of the *Williamson County* ripeness test holds that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." 473 U.S. at 195. In its analysis, the district court held that "Alpine was required to raise objections with the local government in a timely and meaningful way to set up their claim that the exaction was involuntary." Alpine argues that it satisfied this requirement when it filed the state law claim discussed in part A above. In response, McCall argues that state law provides Alpine with a means of challenging a taking through judicial review under the Local Land Use Planning Act (LLUPA) and that Alpine failed to use it. Additionally, McCall argues that any plaintiff that fails to timely file a state takings claim can never satisfy this prong of *Williamson County*.

The Local Land Use Planning Act (LLUPA) provides an avenue to evaluate certain proposed regulatory or administrative actions to assure that such actions do not result in an unconstitutional taking of private property:

> Upon the written request of an owner of real property that is the subject of such
> action, such request being filed with the clerk or the agency or entity undertaking
> the regulatory or administrative action not more than twenty-eight (28) days after

10

the final decision concerning the matter at issue, a state agency or local governmental entity shall prepare a written taking analysis concerning the action.

I.C. § 67-8003; *see also Buckskin Properties, Inc. v. Valley Cnty.*, __ Idaho __, ___, 300 P.3d 18, 28 (2013). Alpine did not seek judicial review under this statute. Alpine correctly notes an exception in I.C. § 67-6521(2)(b) which allows a legal action under Article I, Section 14 of the Idaho Constitution. But this exception requires "a final action restricting private property development" and as discussed above there was no final action in this matter. Therefore, we hold that the second prong of the *Williamson County* ripeness test has not been satisfied and that Alpine's federal claims are not ripe.

**C. McCall is entitled to attorney fees on appeal.**

Alpine argues that if this Court reverses the decision of the district court and holds in favor of Alpine on either its state or federal claims, then they should be awarded attorney fees as the prevailing party. Their argument is based in part on the belief that Alpine cannot be said to have recovered the just compensation to which it is constitutionally entitled if it is not also awarded attorney fees and costs incurred to present its claims. In support, Alpine cites *Ada County Highway Dist. By and Through Fairbanks v. Acarrequi*, 105 Idaho 873, 874, 673 P.2d 1067, 1068 (1983). McCall argues that it should be awarded attorney fees on appeal under I.C. § 12-117 on the grounds that Alpine unreasonably ignored settled precedent.

Idaho Code section 12-117(1) states:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

"The Court employs a two-part test for I.C. § 12–117 on appeal: the party seeking fees must be the prevailing party and the losing party must have acted without a reasonable basis in fact or law." *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012).

On appeal, all of the issues raised by Alpine have been resolved in favor of McCall, therefore they are the prevailing party. Additionally, Alpine pursued these issues without a reasonable basis in fact or law. This Court awards attorney fees to McCall pursuant to I.C. § 12-117.

11

## V. CONCLUSION

We hold that the district court did not err when it dismissed Alpine's state claims as they were time-barred by I.C. § 50-219. We also hold that Alpine's federal claims are unripe under both prongs of the ripeness test in *Williamson County*. McCall is awarded attorney fees and costs on appeal.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**